[Cite as *Alkire v. Alkire*, 2021-Ohio-186.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| | |
|---|---|
| MARILYN P. ALKIRE | C.A. No.        29606 |
| Appellant | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD C. ALKIRE | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellee | CASE No.      DR-2013-05-1396 |

DECISION AND JOURNAL ENTRY

Dated: January 27, 2021

TEODOSIO, Judge.

{¶1}     Marilyn P. Alkire appeals the order of the Summit County Court of Common Pleas, Domestic Relations Division.  We affirm.

I.

{¶2}     In 2013, Ms. Alkire filed a complaint for divorce against Richard C. Alkire, and in June 2016, a decree of divorce was issued.  Incorporated into the decree was a separation agreement setting forth the terms of spousal support and retaining jurisdiction with the trial court to modify the amount but not the duration of spousal support based upon a change of circumstances of either party, which was defined as "an increase or involuntary decrease in either parties' income of 25% or more."  The agreement also provided that the parties would exchange "income information each year including W-2's, K-1's and all relevant tax returns by April 30 of each year for the preceding year."

{¶3}   In May 2017, Ms. Alkire filed a motion for contempt, alleging that Mr. Alkire had failed to exchange his income information as required by the terms of the separation agreement. On November 13, 2017, the trial court denied Ms. Alkire's motion, and further interpreted the term "all relevant tax returns" as it appears in the separation agreement to mean "each party's Federal, State and City tax returns.  [Ms. Alkire] is not entitled to Defendant's corporate business return nor is she entitled to a complete copy of his QuickBooks account."  No appeal was taken from this order of the trial court.

{¶4}   On August 27, 2018, the parties filed a joint motion for modification of spousal support, stating Mr. Alkire's income had increased by more than 25% of his income from 2015, which had been used to calculate the initial spousal support award.  The joint motion requested the monthly spousal support payment be increased from $2,000.00 per month to $3,000.00 per month. The joint motion further stated: "[T]he parties shall exchange financial information as identified in the Final Order by April 30, 2019.  The parties further agree that the same standard of base income for the Plaintiff and Defendant shall be utilized to determine whether there should be a modification of this order, upward or downward, commencing March 1, 2019."  Also on August 27, 2018, the trial court entered an order, approved by the parties, granting the joint motion.

{¶5}   In April 2019, Mr. Alkire filed a motion to modify spousal support, and in May 2019, Ms. Alkire filed a motion to compel the production of the income tax returns of "Richard C. Alkire Co., L.P.A." and of "Alkire & Niedings, LLC."  The trial court issued a ruling denying Ms. Alkire's motion to compel on August 7, 2019, finding that it had previously determined in its order of November 13, 2017, that "all relevant tax returns" meant each party's Federal, State, and City tax returns, and that Ms. Alkire was not entitled to Mr. Alkire's corporate returns.  On November

6, 2019, the trial court issued an order granting Mr. Alkire's motion to modify spousal support and reducing his monthly payment from $3,000.00 per month to $2,000.00 per month.

{¶6} Ms. Alkire now appeals, raising four assignments of error.

II.

ASSIGNMENT OF ERROR ONE

THE TRIAL COURT ABUSED ITS DISCRETION IN EXERCISING JURISDICTION TO MODIFY HUSBAND'S SPOUSAL SUPPORT OBLIGATION IN VIOLATION OF R.C. 3105.18(E).

{¶7} In her first assignment of error, Ms. Alkire argues the trial court erred by modifying Mr. Alkire's spousal support obligation in violation of R.C. 3105.18(E). We disagree.

{¶8} "This Court reviews a trial court's decision to modify spousal support under an abuse of discretion standard." *Michaels v. Michaels*, 9th Dist. Medina No. 12CA0029-M, 2013-Ohio-984, ¶ 7. An abuse of discretion implies the court's decision is arbitrary, unreasonable, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). When applying this standard, a reviewing court is precluded from simply substituting its own judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 621 (1993).

{¶9} R.C. 3105.18 governs the modification of spousal support awards. "In determining whether a spousal support award should be modified pursuant to R.C. 3105.18(E), the trial court engages in a two-step analysis." *Barrows v. Barrows*, 9th Dist. Summit No. 21904, 2004-Ohio-4878, ¶ 7. "First, jurisdiction is established where the language of the divorce decree permits modification of a spousal support obligation and the court determines that there has been a change in circumstances of either party." *Id.*, citing R.C. 3105.18(E)(1). "Second, if the court finds a change in circumstances, it may then determine the appropriateness and reasonableness of the existing award." *Id.*, citing R.C. 3105.18(C)(1).

{¶10} The parties' separation agreement provided:

> The Summit County Court of Common Pleas Domestic Relations Division shall retain jurisdiction to modify the amount but not the duration of this spousal support award based upon a change of circumstances of either party which shall be defined as an increase or involuntary decrease in either parties' income of 25% or more.

On August 27, 2018, the parties filed a joint modification for spousal support that requested an increase from $2,000.00 to $3,000.00 per month on the basis that Mr. Alkire's income had increased by more than 25% of the base income identified in the separation agreement. The motion further stated: "The parties further agree that the same standard of base income for the Plaintiff and Defendant shall be utilized to determine whether there should be a modification of this order [sic], upward or downward commencing March 1, 2019." On the same day that the joint motion was filed, the trial court filed an order, stating in its entirety: "Upon the Agreed Joint Motion of the parties, the Motion is hereby granted. Costs for this motion and order shall be paid for by Defendant." The order was signed by the trial court judge and signed and approved by both parties. The parties do not dispute that the terms set forth in their agreed joint motion were adopted by the trial court.

{¶11} On April 16, 2019, Mr. Alkire filed a motion to modify spousal support, and on November 6, 2019, an order was entered by the trial court granting Mr. Alkire's motion and modifying spousal support from $3,000.00 per month to $2,000.00 per month. In modifying spousal support, the trial court stated:

> [Mr. Alkire] has indicated that his income has decreased from $110,881 in 2017 to $72,367 in 2018. [Mr. Alkire] has supported his contention by his testimony and the production of his 2018 IRS Form 1040. His 2018 income, although lower than the original standard amount of the Final Decree of $86,742, does not qualify under the 25% rule to reduce the spousal support amount to less than the $2,000.00 per month. [Mr. Alkire] does not seek to pay an amount less [than] the standard order of $2,000.00 per month. He simply wants the monthly award returned to that standard order.

{¶12}  At the time of the 2018 modification of spousal support, the parties agreed that "the same standard of base income for the Plaintiff and Defendant shall be utilized to determine whether there should be a modification * * *." Mr. Alkire's base income that was used to establish spousal support in the amount of $3,000.00 per month was $110,881.00 (i.e., his income for 2017). Twenty-five percent of this amount is equal to $27,720.25.  Mr. Alkire's income for 2018, which was the basis for his motion for modification of spousal support, was determined to be $72,367.00, which was $38,514.00 less than his previous year's income.  Because this deviation was greater than 25%, the decrease constituted a change in circumstances pursuant to the parties' agreement, and the trial court had jurisdiction to modify the spousal support award.

{¶13}  As noted by the trial court, Mr. Alkire's 2018 income of $72,367.00 was not a 25% decrease as compared to Mr. Alkire's income at the time of the original award of spousal support in the final divorce decree in 2015, when he earned $86,742.00.  Ms. Alkire argues that it is this 2015 income that should be the controlling baseline, and that because there is not a 25% deviation from that income as compared to Mr. Alkire's 2018 income, there has been no change in circumstances that would allow for a modification of spousal support.

{¶14}  We do not agree with this line of argument.  Had Mr. Alkire been seeking a modification of the original award of $2,000.00 per month, this rationale would have merit.  Mr. Alkire, however, was seeking a modification of the $3,000.00 per month award that was determined based upon his 2017 income, and it was therefore the 2017 income that was required to be used as the baseline income in determining whether there was a change in circumstances that would allow for a modification of the $3,000.00 per month award.  As we noted above, there was a greater than 25% decrease in Mr. Alkire's income from 2017 to 2018, which constituted a change

in circumstances that would allow for the trial court to modify the award. We therefore find no error in the trial court exercising its jurisdiction to do so.

{¶15} Ms. Alkire's first assignment of error is overruled.

ASSIGNMENT OF ERROR TWO

THE TRIAL COURT ABUSED ITS DISCRETION BY DISREGARDING R.C. 3105.18(F) IN ANALYZING HUSBAND'S CHANGE IN CIRCUMSTANCES.

{¶16} In her second assignment of error, Ms. Alkire argues the trial court erred because it disregarded R.C. 3105.18(F). Ms. Alkire contends that the trial court was required to show that it considered the appropriate statutory factors when it modified the award of spousal support.

{¶17} As noted above, R.C. 3105.18 governs the modification of spousal support awards. "In determining whether a spousal support award should be modified pursuant to R.C. 3105.18(E), the trial court engages in a two-step analysis." *Barrows v. Barrows*, 9th Dist. Summit No. 21904, 2004-Ohio-4878, ¶ 7. "First, jurisdiction is established where the language of the divorce decree permits modification of a spousal support obligation and the court determines that there has been a change in circumstances of either party." *Id.*, citing R.C. 3105.18(E)(1). "Second, if the court finds a change in circumstances, it may then determine the appropriateness and reasonableness of the existing award." *Id.*, citing R.C. 3105.18(C)(1).

{¶18} R.C. 3105.18(F) provides:

(1) For purposes of divisions (D) and (E) of this section and subject to division (F)(2) of this section, a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances so long as both of the following apply:

   (a) The change in circumstances is substantial and makes the existing award no longer reasonable and appropriate.

(b) The change in circumstances was not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was for[e]seeable.

(2) In determining whether to modify an existing order for spousal support, the court shall consider any purpose expressed in the initial order or award and enforce any voluntary agreement of the parties. Absent an agreement of the parties, the court shall not modify the continuing jurisdiction of the court as contained in the original decree.

{¶19} In the present case, the separation agreement stated: "The Summit County Court of Common Pleas Domestic Relations Division shall retain jurisdiction to modify the amount but not the duration of this spousal support award based upon a change of circumstances of either party which shall be defined as an increase or involuntary decrease in either parties' income of 25% or more." It therefore specifically set forth the circumstances that would constitute a change in circumstances and allow for the trial court to modify the amount of the spousal support award. As this Court has previously stated, "R.C. 3105.18(F)(2) mandates that the domestic relations court 'enforce any voluntary agreement of the parties' when modifying a spousal support order." *Kolenz v. Kolenz*, 9th Dist. Summit No. 26700, 2013-Ohio-3605, ¶ 13.

{¶20} "Once jurisdiction is established, the second step of the analysis requires the trial court to determine whether the existing support order should be modified in light of the change in circumstances that has occurred." *Tufts v. Tufts*, 9th Dist. Summit No. 24871, 2010–Ohio–641, ¶ 8. "Such a determination is conducted in consideration of the factors set forth in R.C. 3105.18(C)." *Id.* "A trial court is not required to enumerate each factor in R.C. 3105.18(C)(1), but must only provide a sufficient basis supporting its award." *Broida v. Broida*, 9th Dist. Summit No. 19968, 2001 WL 57174, *4 (Jan. 24, 2001). "'When considering a motion to modify a spousal support order, the trial court need not [examine] all factors listed in R.C. 3105.15(C)(1). The court need only consider the factors which have actually changed since the last order.'" *Lumpkin v. Lumpkin*,

9th Dist. Summit No. 21305, 2003-Ohio-2841, ¶ 16, quoting *Mizenko v. Mizenko*, 8th Dist. Cuyahoga No. 78409, 2001 WL 637563, *2 (June 7, 2001).

{¶21} In its November 2019 order, the trial court noted that pursuant to the separation agreement, the spousal support award would remain at $2,000.00 per month as long as both parties' income did not deviate by more than 25% from the baseline salary. The court further noted that the parties had jointly agreed to increase the spousal support award to $3,000.00 per month when Mr. Alkire's salary for the year 2017 had increased by over 25% of the baseline salary of $86,742.00. The trial court determined that Mr. Alkire's salary for 2018 had decreased to $72,367.00, and noted that although that amount was less than the original baseline salary, he sought to return the award to $2,000.00 per month, and was not seeking a further reduction.

{¶22} By virtue of the parties' separation agreement setting forth the specific terms of a change in circumstance, and because the criteria for a change in circumstances was met, we conclude the trial court provided a sufficient basis to support the modification of the award back to the original amount of $2,000.00 per month.

{¶23} Ms. Alkire's second assignment of error is overruled.

ASSIGNMENT OF ERROR THREE

THE TRIAL COURT ABUSED ITS DISCRETION IN VIOLATION OF THE PARTIES' SEPARATION AGREEMENT, CIV.R. 26(B)(1), AND OHIO CASE LAW PRECEDENT.

{¶24} In her third assignment of error, Ms. Alkire argues the trial court erred by denying her motion to compel Mr. Alkire to produce his law firm's income tax returns. We disagree.

{¶25} The separation agreement between the parties provided: "The parties shall exchange income information each year including W-2's, K-1's and all relevant tax returns * * *." In May 2017, Ms. Alkire filed a motion for contempt, alleging that Mr. Alkire had failed to

exchange his income information as required by the terms of the separation agreement. On November 13, 2017, the trial court denied Ms. Alkire's motion, and interpreted the phrase "all relevant tax returns" as it appears in the separation agreement to mean "each party's Federal, State and City tax returns. [Ms. Alkire] is not entitled to Defendant's corporate business return nor is she entitled to a complete copy of his QuickBooks account." Ms. Alkire did not appeal from that order of the trial court.

{¶26} In May 2019, Ms. Alkire filed a motion to compel the production of the income tax returns of "Richard C. Alkire Co., L.P.A." and of "Alkire & Niedings, LLC." In August 2019, the trial court issued a ruling denying Ms. Alkire's motion to compel, finding, in pertinent part, that it had previously determined in its order of November 13, 2017, that "all relevant tax returns" meant each party's Federal, State, and City tax returns, and that Ms. Alkire was not entitled to Mr. Alkire's corporate returns. Ms. Alkire now argues that the trial court erred by interpreting the separation agreement's reference to "all relevant tax returns" to mean each party's federal, state, and city income tax returns, but not to include Mr. Alkire's law firm's tax returns.

{¶27} This Court need not address the merits of this argument because it is barred by the doctrine of res judicata. The doctrine of res judicata precludes a party from relitigating any issue that was, or should have been, litigated in a prior action between the parties. *State v. Zhao*, 9th Dist. Lorain No. 03CA008386, 2004–Ohio–3245, ¶ 7, citing *State v. Meek*, 9th Dist. Lorain No. 03CA008315, 2004–Ohio–1981, ¶ 9. In the case sub judice, the doctrine of res judicata bars Ms. Alkire's challenge to the trial court's interpretation of the separation agreement's reference to "all relevant tax forms" because that issue could have been fully litigated on direct appeal from the trial court's November 13, 2017, order. *See Dun-Rite Constr., Inc. v. Hoover Land Co.*, 9th Dist. Summit No. 25731, 2011-Ohio-4769, ¶ 10.

{¶28} Under R.C. 2505.02(B)(1) and (2), as applicable in this case, an order is final and appealable when it "affects a substantial right in an action that in effect determines the action and prevents a judgment; [or] * * * affects a substantial right made in a special proceeding * * *." A post-decree matter is "determined," and therefore appealable under R.C. 2505.02(B)(1), when all issues raised have been resolved. *Koroshazi v. Koroshazi*, 110 Ohio App.3d 637, 639 (9th Dist.1996). Alternatively, the order may be final if it affects a "substantial right" under R.C. 2505.02(B)(2), meaning that the appellant would be precluded from appropriate future relief absent an immediate appeal. *King v. King*, 9th Dist. Medina No. 12CA0060-M, 2013-Ohio-3070, ¶ 5. An order denying contempt, such as the order at issue in this case, is only appealable if the appealing party demonstrates prejudice: "Absent a showing of prejudice to the party making the contempt motion, contempt is essentially a matter between the court and the person who disobeys a court order or interferes with court processes." *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 17 (1988).

{¶29} The trial court's November 2017 order both prejudiced Ms. Alkire and affected a substantial right because it interpreted language from the separation agreement to limit what materials would be discoverable for the determination of income for the purposes of modifying spousal support. It thereby precluded Ms. Alkire from future relief absent an immediate appeal and prejudiced her by limiting the scope of discoverable materials for the purposes of arguing the modification of the spousal support award. Ms. Alkire is therefore barred by the doctrine of res judicata from challenging the trial court's interpretation of the separation agreement's reference to "all relevant tax forms" because that issue could have been fully litigated on direct appeal from the trial court's November 13, 2017, order. *See Dun-Rite Constr., Inc.* at ¶ 10. To the extent that Ms. Alkire raises additional arguments under this assignment of error regarding the trial court

finding that the parties agreed to the same standard of discoverable income information in their joint motion of August 2019, those arguments are rendered moot by our determination that res judicata applies.

{¶30} Ms. Alkire's third assignment of error is overruled.

ASSIGNMENT OF ERROR FOUR

THE TRIAL COURT'S MODIFICATION ORDER WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶31} In her fourth assignment of error, Ms. Alkire argues the trial court's modification order was against the manifest weight of the evidence.

{¶32} "[B]efore an appellate court will reverse a judgment as against the manifest weight of the evidence in a civil context, the court must determine whether the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice." *Boreman v. Boreman*, 9th Dist. Wayne No. 01CA0034, 2002-Ohio-2320, ¶ 10. Only where the evidence presented weighs heavily in favor of the party seeking reversal will the appellate court reverse. *Id.* Manifest weight of the evidence pertains to the burden of persuasion. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶ 19. "In weighing the evidence, the court of appeals must always be mindful of the presumption in favor of the finder of fact." *Id.* at ¶ 21.

{¶33} Ms. Alkire contends that Mr. Alkire failed to establish an involuntary decrease in his wages and argues that his testimony indicated that his living expenses had substantially decreased. In support of her argument, Ms. Alkire directs us to testimony that his law firm paid health insurance premiums for his benefit and contributed to his health savings account. She points to testimony that he continues to represent attorneys in disciplinary actions, that his caseload remains heavy, and that the law firm has remained stable since the divorce and maintains the same

number of employees, pointing also to the law firm's gross receipts. She notes that the law firm can afford to advertise and buy season tickets for the Cleveland Indians. Ms. Alkire further points to testimony indicating that Mr. Alkire remarried and no longer pays rent or a mortgage, that the couple travel extensively, and that Mr. Alkire's discretionary income allows him to pay expenses for his emancipated children.

{¶34} The trial court's determination that Mr. Alkire's income had involuntarily decreased by more than 25% from 2017 to 2018 was supported by his Form 1040 tax returns and his testimony. Although there is, as Ms. Alkire contends, some evidence that Mr. Alkire's living expenses have decreased, none of the evidence that Ms. Alkire sets forth in support of her argument refutes the evidence that Mr. Alkire's income had decreased or that the decrease was involuntary. This is not a case where the evidence weighs heavily in favor of the party seeking reversal, and we cannot conclude that the trial court clearly lost its way or created a manifest miscarriage of justice.

{¶35} Ms. Alkire's fourth assignment of error is overruled.

III.

{¶36} Ms. Alkire's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

CALLAHAN, P. J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JORGE LUIS PLA and ERICA MOLNAR, Attorneys at Law, for Appellant.

CHARLES M. BUDDE and CHARLES E. GRISI, Attorneys at Law, for Appellee.