[Cite as *Horton v. Horton*, 2023-Ohio-4300.]

STATE OF OHIO   )     IN THE COURT OF APPEALS
         )ss:     NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT  )

WILLIAM HORTON        C.A. No.  30475

   Appellant

   v.            APPEAL FROM JUDGMENT
              ENTERED IN THE
VALERIE HORTON        COURT OF COMMON PLEAS
              COUNTY OF SUMMIT, OHIO
   Appellee        CASE No.  DR-2018-11-3209

DECISION AND JOURNAL ENTRY

Dated: November 29, 2023

   CARR, Judge.

**{¶1}** Appellant William Horton appeals the judgment of the Summit County Court of Common Pleas, Domestic Relations Division. This Court affirms.

I.

**{¶2}** Mr. Horton and Appellee Valerie Horton were married in 2010. No children were born of the marriage. In 2018, Mr. Horton filed a complaint for dissolution and a separation agreement signed by both parties. In December 2018, Mr. Horton filed a motion to convert the complaint for dissolution to a complaint for divorce. The motion was granted. A separation agreement signed by both parties was filed in August 2019. The separation agreement included a section on the payment of, what was referred to as Level I and Level II, spousal support to Ms. Horton. On September 10, 2019, a decree of divorce was filed. Therein, the trial court stated that the separation agreement was approved by the trial court and made part of the trial court's order.

**{¶3}** In January 2021, Ms. Horton filed a motion to show cause as to why Mr. Horton should not be held in contempt for failure to pay spousal support. In March 2021, Mr. Horton filed a motion to modify spousal support. Mr. Horton stated that there had been a significant change to his income and that the same constituted a change of circumstances warranting a modification in spousal support. Mr. Horton attached the separation agreement to his motion but made no additional argument. In April 2021, Mr. Horton was found in contempt for failure to pay spousal support.

**{¶4}** In May 2021, a hearing was held before a magistrate on Mr. Horton's motion to modify spousal support. Mr. Horton was the only witness to testify. He submitted two exhibits, the separation agreement and an affidavit of income and expenses, in support of his motion.

**{¶5}** The magistrate issued a written decision determining a modification of spousal support was warranted and that, effective March 2, 2021, the spousal support was modified from $1200 a month to $200 a month. The trial court issued an entry adopting the magistrate's decision and entering judgment that same day.

**{¶6}** Ms. Horton filed objections to the magistrate's decision, and a memorandum in support of the objections after the transcript of the hearing was filed in the trial court. Inter alia, Ms. Horton asserted that the trial court lacked jurisdiction to modify Level I spousal support. Mr. Horton filed a memorandum in support of the magistrate's decision.

**{¶7}** In September 2022, the trial court issued an entry ruling on Ms. Horton's objections. The trial court concluded that the separation agreement's reservation of jurisdiction was "limited to instances when [Mr. Horton] ha[d] a change in method of payment of his base wage, bonus, or severance pay" and the separation agreement did not contemplate Mr. Horton leaving his employment voluntarily, as it appears he did in the instant matter. The trial court thus

concluded that it lacked jurisdiction to modify Level I spousal support and dismissed Mr. Horton's motion. In addition, the trial court determined that, even if it did possess jurisdiction, Mr. Horton's motion was properly denied.

{¶8} Mr. Horton has appealed, raising two assignments of error for our review. We will address the second assignment of error first as it is dispositive.

II.

**ASSIGNMENT OF ERROR II**

THE TRIAL COURT'S DECISION TO FIND THAT IT DID NOT HAVE JURISDICTION TO MODIFY SPOUSAL SUPPORT WAS AN ABUSE OF DISCRETION AND AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶9} Mr. Horton argues in his second assignment of error that the trial court erred in concluding that there was a lack of jurisdiction to modify the spousal support provision in the separation agreement.

{¶10} "This Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion. In so doing, we consider the trial court's action with reference to the nature of the underlying matter." (Internal citations omitted.) *Foster v. Foster*, 9th Dist. Wayne No. 09CA0058, 2010-Ohio-4655, ¶ 6. Decisions concerning the modification of spousal support are reviewed for an abuse of discretion. *Alkire v. Alkire*, 9th Dist. Summit No. 29606, 2021-Ohio-186, ¶ 8. "The burden of proof belongs with the person seeking modification." *Schlessner v. Schlessner*, 9th Dist. Summit No. 20575, 2002 WL 242107, *1 (Feb. 20, 2002).

{¶11} "R.C. 3105.18 governs the modification of spousal support awards." *Alkire* at ¶ 9. "In determining whether a spousal support award should be modified pursuant to R.C. 3105.18(E), the trial court engages in a two-step analysis. First, jurisdiction is established where the language of the divorce decree [or incorporated separation agreement] permits modification of a spousal

support obligation and the court determines that there has been a change in circumstances of either party.  Second, if the court finds a change in circumstances, it may then determine the appropriateness and reasonableness of the existing award."  (Internal quotations and citations omitted.)  *Alkire* at ¶ 9, quoting *Barrows v. Barrows*, 9th Dist. Summit No. 21904, 2004-Ohio-48, ¶ 7.

> "[A] change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances so long as both of the following apply:
>
> (a) The change in circumstances is substantial and makes the existing award no longer reasonable and appropriate.
>
> (b) The change in circumstances was not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was forseeable.

R.C. 3105.18(F)(1).

{¶12}  "In determining whether to modify an existing order for spousal support, the court shall consider any purpose expressed in the initial order or award and enforce any voluntary agreement of the parties.  Absent an agreement of the parties, the court shall not modify the continuing jurisdiction of the court as contained in the original decree."  R.C. 3105.18(F)(2).

{¶13}  Here, the parties' separation agreement provided the following in relevant part:

A. Level I Spousal Support

Effective the 20th day of August, 2019, and payable on the 1st day of each and every month thereafter, [Mr. Horton] shall pay, as and for Level I spousal support by way of a wage assignment * * * the sum of $1,200 per month[.]

The above Level I spousal support shall terminate upon the happening of the first of the following events to occur:

a. [Ms. Horton's] death;

b. [Mr. Horton's] death;

c. [Ms. Horton's] remarriage;

d. Twenty-Nine (29) consecutive month[s].

Level I spousal support is based upon [Mr. Horton's] base salary of $88,000 and [Ms. Horton's] income of $27,040.00.

B. Level II Spousal Support

Effective the 20th day of August, [Mr. Horton] shall pay, as and for Level II spousal support directly to [Ms. Horton] a sum equal to 50 percent of any net bonus or any other compensation exceeding [Mr. Horton's] wages of $88,000.00 [Mr. Horton] shall pay said amount(s) direction to [Ms. Horton] within five days of receipt together with verification from his employer setting forth the gross bonus or gross additional compensation (i.e. pay stubs and other employer-provided verification.)

* * *

The above Level II spousal support shall terminate upon the happening of the first of the following events to occur:

a. [Ms. Horton's] death;

b. [Mr. Horton's] death;

c. [Ms. Horton's] remarriage;

d. Twenty-Nine (29) consecutive months.

* * *

The parties agree that Level I and Level II spousal support are an accommodation to [Mr. Horton] based upon his cash flow. It is recognized that [Mr. Horton] would have insufficient cash flow to pay his spousal support obligation in equal monthly installments. As a consequence, the parties have agreed to accommodate [Mr. Horton] with Level I and Level II spousal support. If, for any reason, [Mr. Horton] has a change in the method of his payment of base wages, bonus or severance, the Summit County Court specifically retains jurisdiction to modify the amount and method of payment of spousal support. If [Mr. Horton] obtains a second job with a different employer for purposes of paying bills, that income will not be considered Level II spousal support.

{¶14} The transcript of the hearing on Mr. Horton's motion spans a little over two dozen pages, and is accompanied by only two exhibits, the separation agreement and Mr. Horton's affidavit of income and expenses. Mr. Horton was the only witness to testify at the hearing.

{¶15} Mr. Horton testified that, at the time of the hearing, he was the owner of Zoup or JMJWV Enterprises, through which it appears he opened two restaurant franchises. He asserted that he only received "delivery fees and stuff for catering orders." He maintained that he earned $15,579 in 2020 and earned $1,000 as of May 2021. Prior to his employment with Zoup, Mr. Horton was employed by Mr. Chicken for 17 years. In 2018, his salary was $88,000. In 2019, Mr. Horton's pay, including bonuses and vacation pay, was $96,757.50. When Mr. Horton left Mr. Chicken, he did not receive unemployment compensation. Mr. Horton indicated that his spousal support payment was based upon him making $88,000 and he could no longer afford to make the required payment.

{¶16} It is difficult to discern with certainty from the transcript whether Mr. Horton willingly left his position or was let go; the difficulty lies primarily in the vague and ambiguous ways in which Mr. Horton responded to questions related to that topic. When the magistrate asked Mr. Horton if Mr. Chicken let him go, Mr. Horton responded that Mr. Chicken hired someone to replace him and told him if he wanted to be a store manager he could do so for less money. Mr. Horton testified that Mr. Chicken was willing to pay him $32,000 to be a manager.

{¶17} Mr. Horton blamed the poor performance of his business on the COVID-19 pandemic; he believed that, absent the pandemic, he would have made more money. He testified to researching his purchase and opined that it was a sound business decision.

{¶18} Here, we cannot say that Mr. Horton has demonstrated that the trial court erred in concluding that it lacked jurisdiction to modify the spousal support award. As stated above, "jurisdiction is established where the language of the divorce decree [or incorporated separation agreement] permits modification of a spousal support obligation and the court determines that

there has been a change in circumstances of either party." *Alkire*, 2021-Ohio-186, at ¶ 9, quoting *Barrows*, 2004-Ohio-48, at ¶ 7.

{¶19} The separation agreement provides, in relevant part, "[i]f, for any reason, [Mr. Horton] has a change in the method of his payment of base wages, bonus or severance, the Summit County Court specifically retains jurisdiction to modify the amount and method of payment of spousal support." While Mr. Horton demonstrated that he changed jobs and his income was less, he did not present evidence that he experienced "a change in the method" of the payment of his income. Method, while not defined in the separation agreement, has been commonly defined as "[a] mode of organizing, operating, or performing something, esp. to achieve a goal[.]" Black's Law Dictionary (11th Ed.2019).

{¶20} Additionally, the trial court concluded that Mr. Horton voluntarily left his employment with Mr. Chicken. Given the ambiguity in the testimony, discussed above, we cannot say that this finding is unwarranted. R.C. 3105.18(F)(1) details what constitutes a change of circumstances as contemplated by R.C. 3105.18(E). R.C. 3105.18(F)(1) indicates that change of circumstances can include an "involuntary decrease in the party's wages" if certain conditions are met. However, we cannot say that Mr. Horton demonstrated that his decrease in wages was involuntary.

{¶21} Overall, this Court concludes Mr. Horton failed to meet his burden in the trial court, *see Schlessner*, 2002 WL 242107, at *1, and, thus, has likewise not shown on appeal that the trial court erred in concluding it lacked jurisdiction to modify the spousal support award.

{¶22} Mr. Horton's second assignment of error is overruled.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED, ABUSED ITS DISCRETION, AND COMMITTED REVERSIBLE ERROR WHEN IT DENIED APPELLANT'S MOTION TO MODIFY SPOUSAL SUPPORT.

**{¶23}** Mr. Horton argues in his first assignment of error that the trial court erred in denying his motion to modify spousal support on the merits as he demonstrated a change in circumstances. Given that this Court determined above that Mr. Horton failed to demonstrate that the trial court erred in concluding it lacked jurisdiction to modify the spousal support award, this assignment of error has been rendered moot, and we decline to address it. *See* App.R. 12(A)(1)(c).

### III.

**{¶24}** Mr. Horton's second assignment of error is overruled, and his first assignment of error is moot in light of our resolution of the second assignment of error. The judgment of the Summit County Court of Common Pleas, Domestic Relations Division, is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
CONCURS.

FLAGG LANZINGER, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

CHARLES TYLER, SR., Attorney at Law, for Appellant.

MELISSA GRAHAM-HURD, Attorney at Law, for Appellee.