[Cite as *Fine v. Fine*, 2012-Ohio-105.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**Nos. 96433 and 96434**

---

## PATRICIA LYNN FINE

PLAINTIFF-APPELLEE

v.

## ROBERT M. FINE, M.D.

DEFENDANT-APPELLANT

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. D-318143

**BEFORE:**     Sweeney, J., Celebrezze, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**     January 12, 2012

**ATTORNEY FOR APPELLANT**

Lawrence J. Rich, Esq.
Zashin & Rich Co., L.P.A.
55 Public Square
Fourth Floor
Cleveland, Ohio 44113

**ATTORNEY FOR APPELLEE**

Thomas J. Lafond, Esq.
Schneider, Smeltz, Ranney & Lafond, P.L.L.
1111 Superior Avenue, Suite 1000
Cleveland, Ohio 44114

JAMES J. SWEENEY, J.

**{¶ 1}** Appellant Robert M. Fine, M.D. ("Robert") appeals the court's granting his motion to modify the amount of spousal support he is ordered to pay his ex-wife, Patricia L. Fine ("Patricia"). After reviewing the facts of the case and pertinent law, we affirm.

**{¶ 2}** The parties were divorced in November of 2008, after a 27-year marriage. As part of the settlement, Robert was ordered to pay Patricia $19,890 per month in spousal support, which was based, in part, on Robert's $550,000 annual salary. In July of 2009, Robert lost his job, although he received his salary through October 6, 2009. Robert filed motions to terminate and/or modify the spousal support, alleging that poor health hindered him from gaining new employment. In December of 2009, Robert got a new job with an annual salary of $300,000.

**{¶ 3}** On May 5, 2010, the magistrate issued a decision granting Robert's motion to modify and reducing his spousal support obligation to $11,220 per month. Robert filed timely objections to the magistrate's decision. On January 20, 2011, the court

overruled these objections, adopted the magistrate's decision, and granted Robert's motion to modify spousal support. Robert appeals from this order, essentially arguing that the court abused its discretion in modifying the amount of spousal support.

{¶ 4} Robert raises 13 assignments of error for our review, the first three of which will be reviewed together as they allege error regarding the same issue.

I. "The trial court erred and abused its discretion in determining that the appellant be required to remove principal from his retirement accounts."

II. "The trial court erred and abused its discretion in ordering a computation of funds to be removed from the appellant's retirement accounts when the accounts were already divided and each party at the time of the divorce received one-half of the retirement funds."

III. "The trial court erred and abused its discretion in not considering appellee's retirement funds."

{¶ 5} We review spousal support issues under an abuse of discretion standard. See *Dunagan v. Dunagan*, Cuyahoga App. No. 93678, 2010-Ohio-5232, ¶12. The Ohio Supreme Court has held that "a trial court lacks jurisdiction to modify a prior order of spousal support unless the decree of the court expressly reserved jurisdiction to make the modification and unless the court finds (1) that a substantial change in circumstances has occurred and (2) that the change was not contemplated at the time of the original decree."

*Mandelbaum v. Mandelbaum*, 121 Ohio St.3d 433, 2009-Ohio-1222, 905 N.E.2d 172, ¶33.

**{¶ 6}** R.C. 3105.18(C)(1)(a)-(n) aids courts in determining whether spousal support should be awarded and, if so, the amount of the award. "When considering a motion to modify a spousal support order, the trial court need not reexamine all the factors listed in R.C. 3105.18(C)(1). The court need only consider the factors which have actually changed since the last order." *Mizenko v. Mizenko* (June 7, 2001), Cuyahoga App. No. 78409.

**{¶ 7}** Upon review of the instant case, we find that the court's November 6, 2008 divorce decree expressly reserved jurisdiction over spousal support modifications. We further find that the loss of a job and a salary decrease from $550,000 to $300,000 annually upon finding new employment qualifies as a change in circumstances. See R.C. 3105.18(F) (stating that a change in circumstances "includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses"). See, also, *Dean v. Dean*, Cuyahoga App. No. 96434, 2011-Ohio-2401; *Kaput v. Kaput*, Cuyahoga App. No. 94340, 2011-Ohio-10. Additionally, there is no evidence in the record that this change of circumstances was contemplated at the time the divorce was granted. See *Dean*, ¶16-19.

**{¶ 8}** Robert argues that it was error for the court to "require" him "to remove principal from his retirement accounts." However, upon review of the magistrate's May 5, 2010 decision, we find no such requirement. Rather, the magistrate's decision

imputed $48,840 to Robert's annual income based on retirement funds he was not yet using. Nonetheless, as support for his argument, Robert cites to *Streza v. Streza*, Lorain App. No. 05CA008644, 2006-Ohio-1315. However, our review of *Streza* shows that it does not apply to the case at hand because it analyzes whether a retirement plan was marital or separate property, having nothing to do with spousal support.

{¶ 9} Pursuant to R.C. 3105.18(C)(1)(d), in determining the amount of spousal support, "the court shall consider * * * [t]he retirement benefits of the parties * * *." See, also, *Manzella v. Manzella*, Montgomery App. No. 20618, 2005-Ohio-4519, ¶15 (holding that "while [a party] is entitled to elect to defer receipt of retirement income in order to maximize the amount of those eventual payments, the court cannot ignore the current availability of that income when re-evaluating a spousal support order").

{¶ 10} In the instant case, the original spousal support award of $19,890 per month equalled approximately 43 percent of Robert's $550,000 annual income. The modified spousal support award of $11,220 per month equals approximately 45 percent of Robert's modified $300,000 annual income. In *Mizenko*, this court held that "[w]hen a payor spouse's income has involuntarily decreased, it is not an abuse of discretion to reduce support by the percentage decrease in income." Although the $48,840 associated with retirement funds was listed on the magistrate's worksheet, the modification in spousal support appears to be based only on the change in circumstances, i.e., the decrease in Robert's annual salary.

{¶ 11} Accordingly we cannot say that the court abused its discretion by awarding modified spousal support in the amount of $11,220 per month. Robert's first, second, and third assignments of error are overruled.

{¶ 12} In Robert's fourth assignment of error, he argues as follows:

IV. "The trial court erred and abused its discretion in not considering the prior support order upon the appellant to pay his previous spouse * * * $2,500 per month * * *."

{¶ 13} It is undisputed that Robert has a $2,500 per month spousal support obligation unrelated, and in addition to the case at hand. Pursuant to R.C. 3105.18(C)(1)(i), when determing the amount of spousal support, "the court shall consider * * * [t]he relative assets and liabilities of the parties, including but not limited to any court-ordered payments by the parties * * *."

{¶ 14} Attached to the magistrate's decision is a worksheet itemizing Robert and Patricia's income less deductions. Although the line item "Support Previous Marriage" was left blank, there is no evidence that the court failed to take this into consideration because Robert's previous support obligation did not change from his and Patricia's original divorce decree. In other words, as discussed above, Patricia was originally awarded approximately 43 percent of Robert's base salary. Patricia's modified award equals approximately 45 percent of Robert's modified salary, which is the only change of circumstance. See *Mizenko*, supra.

{¶ 15} Robert's fourth assignment of error is overruled.

{¶ 16} In Robert's fifth assignment of error, he argues as follows:

V. "The trial court erred and abused its discretion in failing to terminate the spousal support during the period of the appellant's unemployment from October 6, 2009 until December 15, 2009."

{¶ 17} Pursuant to App.R.16(A)(7), "[t]he appellant shall include in its brief, * * * [a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies."

{¶ 18} Additionally, App.R. 12(A)(2) states that the "court may disregard an assignment of error * * * if the party raising it fails to * * * argue the assignment separately in the brief, as required under App.R.16(A)."

{¶ 19} In the instant case, Robert's argument supporting his fifth assignment of error states in its entirety: "In reviewing the Decision of the Trial court, the Appellant's employment ceased on October 6, 2009 and he did not start his new job until December 15, 2009. The trial court erred and abused its discretion in not terminating the spousal support order during the period of time from October 6, 2009 until December 15, 2009, when the Appellant was totally unemployed and had no income."

{¶ 20} Robert failed to cite legal authority or list any reasons to support his contention that the court abused its discretion. Accordingly, under App.R. 12 and 16, his fifth assignment of error is overruled.

{¶ 21} In Robert's sixth and seventh assignments of error, he argues that:

VI. "The trial court erred and abused its discretion in making a determination that the wife's earning's [sic] abilities are very limited."

VII. "The trial court erred and abused its discretion in determining that the appellee cannot acquire full employment."

{¶ 22} Pursuant to R.C. 3105.18(C)(1)(b), in determining the amount of spousal support, the court shall consider the "relative earning abilities of the parties * * *." In the decision modifying spousal support, the magistrate made the following findings of fact: "[Patricia] testified that she has had a serious spinal injury by falling off of a horse and cannot stand for a long period of time. * * * [Patricia's] earning abilities are very limited."

{¶ 23} Robert argues that "substantial income should have been imputed to [Patricia]" because she was "purposely unemployed." Robert cites no legal authority to support his position. See App.R. 12 and 16. Rather, Robert merely opines that Patricia should have been able to work as a nurse because she took "extensive vacations, * * * she is able to drive a Mercedes sports car and go out on extensive evenings on the town."

{¶ 24} Evidence in the record shows that Patricia is a registered nurse who kept her license active, but who only worked in the field "not quite two years in 1978 [and 1979]." Patricia did not work outside of the home during her 27-year marriage to Robert. Nonetheless, Patricia had applied for three nursing jobs at the time of the spousal support

modification hearing, and she testified that her lack of experience and her health issues rendered her unqualified for many nursing positions.

**{¶ 25}** Upon review, we find that the court properly considered Patricia's earning ability and found it to be limited. The court did not abuse its discretion, and Robert's six and seventh assignments of error are overruled.

**{¶ 26}** In Robert's eighth assignment of error, he argues as follows:

> VII. "The trial court erred and abused its discretion in not considering the sum of $1,600.00 per month which the appellant must pay for housing in Cleveland while he is working in Cleveland and residing in Erie, Pennsylvania."

**{¶ 27}** Robert testified that he spends an additional $1,600 per month for hotels and meals because he commutes to work in Ohio and returns home to Pennsylvania on the weekends. Nothing suggests that the court did not consider this when reducing Robert's spousal support obligation from $19,890 to $11,220 per month. See *Cherry v. Cherry* (1981), 66 Ohio St.2d 348, 356, 421 N.E.2d 1293 (stating that "a reviewing court will presume that the trial court has considered the factors listed in R.C. 3105.18 and all other relevant factors").

**{¶ 28}** Accordingly, Robert's eighth assignment of error is overruled.

**{¶ 29}** Robert's ninth assignment of error states the following:

IX. "The trial court erred and abused its discretion in not determining that the appellee's budget was inflated and in determining there was a need for her to spend $4,200.00 per month for life insurance on appellant's life."

{¶ 30} Specifically, Robert argues that "spousal support is to be used for income and the proceeds of life insurance would be for principal and property." It is unclear how this is related to Robert's allegation of court error. To support his argument, Robert cites to *Tremaine v. Tremaine* (1996), 111 Ohio App.3d 703, 676 N.E.2d 1249, which stands for the proposition that an increase in one party's income decreases that party's need for support. This case sheds no light on Robert's argument and his ninth assignment of error is overruled.

{¶ 31} In Robert's tenth assignment of error, he argues that:

X. "The trial court erred and abused its discretion when it failed to take into consideration 15 U.S.C.S. §1673, which limits garnishment to 50 per centum of disposable earnings."

{¶ 32} Under 15 U.S.C. 1673, the maximum amount that may be withheld from an individual's paycheck for spousal support shall not exceed 50 percent of the earnings. In the instant case, Robert argues that the court-ordered $11,220 support obligation violated federal law. However, as noted in *Cramblett v. Cramblett* (Sep.1, 2006), Harrison App. No. 05HA581, ¶20, "there is a vast difference between a wage withholding order and a child support order. There is no statute either in the Ohio Revised Code or

in the United States Code that prevents a court from ordering a support amount that is in excess of 50% of a person's earnings."

{¶ 33} As there is no evidence of garnishment over 50 percent, we find no abuse of discretion, and the tenth assignment of error is overruled.

{¶ 34} In the 11th, 12th , and 13th assignments of error, Robert argues as follows:

XI. "The trial court erred and abused its discretion when it determined that the appellant would have $12,048 per month left to pay for expenses."

XII. "The trial court erred and abused its discretion when it computed the after tax cash support statement which is factually incorrect."

XII. "The trial court erred and abused its discretion in upholding the order of trial court magistrate * * * in the portion of the order which states as follows:   * * * Robert * * * shall * * * [c]ontinue to pay $11,220.00 per month * * *."

{¶ 35} In Robert's final three assignments of error, he repeats arguments that have been made and rejected in his previous assignments of error.  For example, he takes issue with the fact that he "is under a court order to pay $2,500.00 to his previous spouse," and "has a $1,600.00 per month expense for housing in Cleveland."   We once again find no error or abuse of discretion in the court's order granting Robert's motion to modify spousal support.   Assignments of error 11, 12, and 13 are overruled.

Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

JAMES J. SWEENEY, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR