[Cite as *Barry v. White*, 2023-Ohio-1570.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| SARAH BARRY, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 111943 |
| v. | : | |
| CASEY WHITE, | : | |
| Defendant-Appellee. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 11, 2023

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-19-378340

*Appearances:*

Sarah Barry, *pro se*.

MICHAEL JOHN RYAN, J.:

{¶ 1} Plaintiff-appellant Sarah Barry ("Barry") filed this pro se appeal challenging the trial court's decision overruling her objections to the magistrate's decision and adopting the magistrate's decision to grant defendant-appellee Casey White's ("White") motion to modify spousal support. After a thorough review of the law and the facts, we affirm.

**{¶ 2}** Barry and White's marriage was terminated by a judgment entry of dissolution issued October 22, 2019. One child, A.W., was born of the marriage. The parties executed a separation agreement that was incorporated into the dissolution decree. In the separation agreement, White agreed to pay Barry $1,800 per month plus a two percent processing fee for a term of 60 months commencing on January 7, 2020. The parties further agreed that the court would retain jurisdiction to modify the amount and the duration of the spousal support order. The judgment entry dissolving the marriage also contained a reservation of jurisdiction clause relative to spousal support.

**{¶ 3}** On September 9, 2020, White filed a motion to modify spousal support. Barry subsequently filed a motion for discovery sanctions, three motions for contempt, three motions to dismiss, a motion for recusal, and three motions to show cause. The matter proceeded to trial in front of a magistrate on White's motion to modify spousal support and on Barry's numerous motions on July 12, 2021, and on five subsequent dates, culminating on March 11, 2022.

**{¶ 4}** On July 1, 2022, the magistrate issued its decision, finding that White showed a change in his income and the existing spousal support award was no longer reasonable and appropriate. The magistrate determined that White, who had a two-year associate degree and two years of experience in his field, had the ability to earn an income of $55,000. The magistrate found that White's stated salary at the time of the dissolution, $85,000, was the amount listed as his salary but White never earned that amount, even though he worked multiple jobs totaling 60-hour work

weeks. The magistrate noted, "Rather, this was the parties' hope or expectation as to the income defendant could make."

{¶ 5} After considering relevant statutory factors, the magistrate granted White's motion to modify spousal support and based support upon White's imputed income of $55,000 and Barry's income of $17,628. The magistrate modified support from $1,800 per month to $1,000 per month plus a two percent processing fee effective September 9, 2020, until January 7, 2025. The court retained jurisdiction.

{¶ 6} The magistrate also granted Barry's motion for contempt filed January 4, 2021, and found White in contempt for nonpayment of support. The magistrate determined White was approximately $28,000 in arrears for his failure to make support payments.[1] The magistrate denied the remainder of Barry's motions.

{¶ 7} Barry timely filed objections to the magistrate's decision. In her objections, Barry argued that the magistrate effectively took away child support because, according to Barry, child support had been figured into the spousal support calculation at the time of the dissolution. Barry argued that White had breached the agreement by not paying spousal support so the court was obligated to enforce the entirety of the parties' separation agreement. Barry maintained that her agreement to a monthly spousal support payment of $1,800 was also predicated on White maintaining any payments on Barry's car and transferring ownership of the vehicle

---

[1] The magistrate also set forth the conditions of the contempt in its order, which are not relevant to this appeal.

to her.[2]  Further, Barry maintained that had she known that White was going to breach their agreement she would not have agreed to a child support deviation.

{¶ 8} On September 8, 2022, the trial court issued a judgment entry overruling Barry's objection to the magistrate's decision and adopting the magistrate's decision.  In the entry, the court noted that Barry failed to request a trial transcript, as required by Loc.App.R. 27, but since Barry embedded into her objections portions of the transcript from the December 3, 2021 hearing date, the trial court obtained the transcript from that date.  The trial court limited its de novo review to the December 3, 2021 hearing date and affirmed the magistrate's determination that a substantial change of circumstances occurred that allowed for a modification in White's spousal support obligations.

{¶ 9} Barry filed a timely notice of appeal and raises 15 assignments of error for our review (*see* Appendix), some of which will be combined for ease of discussion.

---

[2] The record reflects the vehicle was under lease.

**Failure to Follow Appellate Rules**

{¶ 10} App.R. 12(A)(2) provides that this court may disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based or fails to argue the assignment separately in the brief, as required under App.R. 16(A). Barry lists 15 separate assignments of error, yet fails under several assignments of error to apply separate arguments or support her arguments with citations to the record and case law. It is not the reviewing court's obligation to search the record for evidence to support an appellant's argument as to any alleged error.

{¶ 11} Barry's fourth, fifth, sixth, seventh, eighth, tenth, and eleventh assignments of error fail to comply with appellate rules. In these assignments of error, Barry merely incorporates by reference motions she previously filed with the trial court. "The Rules of Appellate Procedure do not permit parties to 'incorporate by reference' arguments from other sources.'" *Ohio Div. of Secs v. Treece*, 6th Dist. Lucas No. L-21-1191, 2022-Ohio-3267, ¶ 12, quoting *Ebbing v. Lawhorn*, 12th Dist. Butler No. CA2011-07-125, 2012-Ohio-3200, ¶ 3. Barry does not cite any legal authority in support of these assignments of error — not a single case, statute, or rule. Barry also does not support her arguments with any citations to the record. In accordance with App.R. 12(A)(2), an appellate court "may disregard an assignment of error if an appellant fails to cite to any legal authority in support of an argument a required by App.R. 16(A)(7)." *Treece* at ¶ 13, citing *Huffer v. Brown*, 10th Dist. Franklin No. 12AP-1086, 2013-Ohio-4384.

{¶ 12} In Barry's twelfth, thirteenth, and fourteenth assignments of error, she refers to motions she filed in response to White's motion to modify spousal support and argues the trial court erred in denying the motions. She supports her arguments with reference to the February 25, 2022 trial date but, as with the other assignments of error stated above, fails to cite any legal authority in support of these assignments of error — not a single case, statute, or rule.

{¶ 13} In its judgment entry, the trial court found that Barry failed to comply with Loc.R. 27, which requires that if a party wishes to object to factual findings in a magistrate's decision the party must file a transcript of a record of the proceedings. Loc.R. 27.2(a) of the Cuyahoga Domestic Relations Court. Barry did not request a trial transcript, rather she embedded portions of the December 3, 2021 trial transcript in her objections to the magistrate's decision. In its judgment entry, the trial court stated that it had obtained the transcript from the December 3, 2021 hearing date so that it could perform a de novo review of Barry's objections but would limit its review to testimony from that hearing date. The trial court could have summarily overruled Barry's objections but employed its discretion to review those objections that Barry supported with citations to transcript pages from the December 3, 2021 hearing.

{¶ 14} Additionally, Civ.R. 53(D)(3)(b)(iv) provides:

**Waiver of right to assign adoption by court as error on appeal.** Except for a claim of plain error, a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact

or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party has objected to that finding or conclusion as required by Civ.R. 53(D)(3)(b).

{¶ 15} Barry did not comply with Civ.R. 53(D)(3)(b) by submitting a transcript of the February 25, 2022 hearing, she has not claimed that any part of the decision constituted plain error, and we do not find that the denial of the motions was plain error; therefore, Barry has waived her right to assign those errors on appeal. *See* Civ.R. 53(D)(3)(b)(iv).

{¶ 16} Barry's assignments of error 4 through 8 and 10 through 14 are hereby overruled.

{¶ 17} Even though Barry's remaining assignments of error do not technically comply with App.R. 12 and App.R. 16, this court notes that cases are best decided on their merits. Therefore, this court will employ its discretion to address Barry's remaining assignments of error in a consolidated fashion. *See SHJ Co. v. Avani Hosp. & Fin., L.L.C.*, 2022-Ohio-1173, 187 N.E.3d 1121, ¶ 12 (8th Dist.).

**Law and Analysis**

{¶ 18} We review spousal support issues for an abuse of discretion. *Aichlmayr v. Aichlmayr*, 8th Dist. Cuyahoga No. 101428, 2015-Ohio-1291, ¶ 6. An "abuse of discretion" occurs where "a court exercise[s] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35.

{¶ 19} R.C. 3105.18(C)(1)(a)-(n) guides courts in determining whether spousal support should be awarded and, if so, the amount of the award. However, "[w]hen considering a motion to modify a spousal support order, the trial court need not reexamine all the factors listed in R.C. 3105.18(C)(1). The court need only consider the factors which have actually changed since the last order." *Fine v. Fine*, 8th Dist. Cuyahoga Nos. 96433 and 96434, 2012-Ohio-105, ¶ 6, citing *Mizenko v. Mizenko*, 8th Dist. Cuyahoga No. 78409, 2001 Ohio App. LEXIS 2514 (Jun. 7, 2001).

{¶ 20} From what we can glean from Barry's remaining assignments of error, she argues that the trial court did not have jurisdiction to modify the spousal support order, the court erred in modifying the order because the parties agreed to the amount, the court erred in failing to enforce discovery orders, the magistrate erred in calculating White's income, and any change in White's income was voluntary.

{¶ 21} Barry contends that the trial court did not have jurisdiction to modify the spousal support order or should not have modified the order because the parties voluntarily agreed to the amount of spousal support, the parties never agreed to modify the amount, and the court must enforce the parties' agreement.

{¶ 22} As it applies to the case at bar, R.C. 3105.18(E)(2) provides that, if a continuing order for periodic payments of spousal support is entered in a dissolution of marriage action, the court that entered the decree does not have jurisdiction to modify the amount or terms of support *unless* the court determines that the circumstances of either party have changed and unless the separation agreement

that was approved by the court and incorporated into the decree contains a provision authorizing the court to so modify.

{¶ 23} The parties executed a separation agreement that contained the following reservation of jurisdiction clause: "The Court shall retain jurisdiction to modify the amount and the duration of the spousal support Order." The judgment entry of dissolution, under "Spousal Support," provided: "The Court shall retain jurisdiction to modify this order." Therefore, the court had the jurisdiction to modify the spousal support order.

{¶ 24} Barry cites R.C. 3105.18(F)(2) to support her claim that the court must enforce the voluntary agreement of the parties. R.C. 3105.18(F)(2) provides that "[i]n determining whether to modify an existing order for spousal support, the court shall consider any purpose expressed in the initial order or award and enforce any voluntary agreement of the parties."

{¶ 25} The separation agreement did not set forth specific terms of a change in circumstances, other than an automatic termination clause that applied to either Barry or White's death. For example, in *Alkire v. Alkire*, 9th Dist. Summit No. 29606, 2021-Ohio-186, the appellate court found that the parties had set forth specific terms of a change in circumstances in their separation agreement when the agreement provided that the spousal support award would remain at $2,000 per month so long as both parties' income did not deviate by more than 25% from the baseline salary. *Id.* at ¶ 21 – 22. *See also Manley v. Manley*, 7th Dist. Columbiana No. 19 CO 0023, 2020-Ohio-1365, ¶ 16 (divorce decree provided that the court

reserved jurisdiction to modify the amount and duration of spousal support based on husband's future retirement); *Kolenz v. Kolenz*, 9th Dist. Summit No. 26700, 2013-Ohio-3605, ¶ 13 (separation agreement expressly provided that the trial court would recalculate spousal support at a review hearing six months after the parties executed the agreement).

{¶ 26} Here, because there were no specific terms of a change in circumstances set forth in the separation agreement, the court was guided by R.C. 3105.18(C)(1) and 3105.18(F) to determine whether there was a change in circumstances that warranted a modification in the spousal support award.

{¶ 27} R.C. 3105.18(F)(1) provides that, subject to subsection (F)(2), a change in circumstances includes any increase or involuntary decrease in income or expenses. The change must be substantial and must make the existing award no longer reasonable and appropriate. R.C. 3105.18(F)(1)(a). In addition, the change must be one that was not considered as a basis for the existing award when it was established (regardless of whether it was foreseeable). R.C. 3105.18(F)(1)(b).

{¶ 28} Barry argues that the trial court should not have modified the support award because White chose to work less hours in a job that was not in his field and chose to go back to school.

{¶ 29} The magistrate's decision, which the trial court reviewed de novo, is supported by evidence in the record. The magistrate found:

> Defendant's income has changed, and he is making less money. The Defendant's income change is substantial and makes the existing spousal support award no longer reasonable and appropriate.

Defendant has shown that the change was not foreseeable by the party at time of original decree. The Defendant believed that his income would increase, but he struggled to find full-time work in his field.

{¶ 30} The magistrate considered that White had returned to school part-time and was working at Amazon. The magistrate imputed to White an income of $55,000 based on White's two-year associate degree in software development and two years of job experience. The magistrate found that White never earned $85,000, as the parties had stated in the separation agreement, even when he worked 60 hours a week at several jobs, including a job in the adult entertainment industry, which he understandably quit. The court further found that Barry failed to introduce evidence of her income, so the court would consider the income from the dissolution judgment entry, which was calculated to be $17,268.

{¶ 31} Barry failed to show that White had the potential to earn or should have been earning $85,000 as a software developer given his two-year degree and two years of experience. White testified that Amazon was the only place that hired him and he was returning to college to further his education and obtain a four-year college degree. We note that White was working third shift at Amazon and even though he may have recently been employed only part-time, Amazon offered him 40 hours a week, earning an annual salary of $36,400.

{¶ 32} Barry also claims the trial court erred when it did not enforce discovery by compelling White to disclose all sources of income. According to Barry, White refused to provide discovery so she could "follow the money" and subpoena his sources of income. Barry refers to White's testimony regarding Cash App

transactions in 2019 and 2020 in which White redacted the personal identifying information of people who sent him money. According to Barry, White's action in redacting whom he received money from demonstrates that he worked odd jobs, hid bank accounts, and hid who he worked for.

{¶ 33} White testified that he received $910 in two separate transactions as "credits for paint"; those payments are reflected in Plaintiff's exhibit No. 14. The exhibit also shows an incoming expired[3] payment of $59 and an incoming payment of $20, both of which were not testified to, and three outgoing payments to Huntington National Bank. White testified that he redacted the names of the people who paid him because he "wasn't sure if I could submit that information to you because it seemed like it was personal information about people who I've made payments to or have given me money." Barry did not ask whether the payments he received for paint were income White generated. Instead, Barry questioned if White had more than one Cash App account or if he had cryptocurrency or bitcoin in his accounts. White answered no to each question.

{¶ 34} Based on the above, we find no evidence that the trial court erred because White did not disclose further information in discovery to Barry regarding his limited Cash App transactions.

{¶ 35} Finally, Barry argues that the trial court erred in calculating White's imputed income because the court failed to take into consideration "official

_____

[3] If a payment is not accepted in Cash App within a certain number of days, it is returned to the sender.

government jobs and income statistics," which, according to Barry, state that the average salary for a software developer is $81,500.

{¶ 36}      We have reviewed the record and find no error in the trial court's finding that White has the ability to earn an imputed income of $55,000. Barry has not shown that the average she cited from a printout from the United States Bureau of Labor Statistics website is applicable to White, who testified that he has a two-year degree and two years of experience. Nor has Barry shown that the statistical information she chose considered geographical location or certain demographics, such as education, age, race, sex, or ethnicity. Moreover, White testified that Amazon was the only place that would hire him and he was working third shift, full-time.

{¶ 37}      Considering the above, assignments of error 1, 3, 9, and 15 are hereby overruled.

{¶ 38}      The trial court did not abuse its discretion when it adopted the magistrate's decision to grant White's motion to modify his spousal support order.

{¶ 39}      Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHAEL JOHN RYAN, JUDGE

EILEEN A. GALLAGHER, P.J., and
SEAN C. GALLAGHER, J., CONCUR

## **Appendix – Appellant's Assignments of Error**

1.  The Court was obligated by law to enforce the agreement which was created by the parties voluntarily outside of the Court. This was

addressed within Petitioner-01's Objection To Magistrates Decision filed 7/08/2022, which is incorporated herein by reference as if fully rewritten, and [sic].

2. The trial court errored [sic] when failing to determine Casey White's income decline was voluntarily [sic] and he was voluntarily under employed [sic].

3. The trial court errored [sic] when it failed to grant Petitioner-01's Motion to Dismiss filed on 12/20/2021, which is incorporated herein by reference as if fully rewritten.

4. The trial court errored [sic] when it failed to grant Petitioner-01's Motion to Dismiss filed on 11/18/2021, which is incorporated herein by reference as if fully rewritten.

5. The trial court errored [sic] when it failed to grant Petitioner-01's Motion for Contempt filed on 12/02/2021, which is incorporated herein by reference as if fully rewritten.

6. The trial court errored [sic] when it failed to grant Petitioner-01's Motion to Recuse filed on 09/08/2021, which is incorporated herein by reference as if fully rewritten.

7. The trial court errored [sic] when it failed to grant Petitioner-01's Motion for Contempt filed on 11/19/2021, which is incorporated herein by reference as if fully rewritten.

8. The trial court errored [sic] when it failed to grant Petitioner-01's Motion to Show Cause filed on 12/13/2021, which is incorporated herein by reference as if fully rewritten.

9. The trial court errored [sic] by not enforcing its order of 1/22/2021 and order [sic] of 2/22/2021 and 3/16/2021 per [sic] motion to show cause all requiring Petitioner-02 to provide discovery, which is incorporated herein by reference as if fully rewritten.

10. The trial court errored [sic] by not enforcing Magistrate's order for Casey White Petition-02 [sic] to produce discovery, which resulted from Sarah Barry, Petitioner-01's Motion to Compel, No. 444989, filed October 14, 2021, which is incorporated herein by reference as if fully rewritten.

11.  Trial court errored [sic] by not enforcing Magistrate's Order for Parties To Produce Documents, filed 11/24/2021, which is incorporated herein by reference as if fully rewritten.

12.  The trial court errored [sic] when it failed to grant Petitioner-01's Motion to Dismiss For Want-Of-Prosecution file [sic] 2/22/2022, which is incorporated herein by reference as if fully rewritten.

13.  The trial court errored [sic] by granting Casey White's, Petitioner-02's, Motion for Continuance filed 2/25/2022, which is incorporated herein by reference as if fully rewritten.

14.  The trial court errored [sic] when it failed to grant Petitioner-01's Motion to Recuse filed on 03/02/2021, which is incorporated herein by reference as if fully rewritten.

15.  The court erred when calculating imputed income.