[Cite as *Community Properties of Ohio Mgt. v. Smith*, 2023-Ohio-540.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Community Properties of Ohio
Management,

        Plaintiff-Appellee,

v.

Brittany Smith,

        Defendant-Appellant.

:
:
:
:
:
:
:
:

No. 22AP-322
(M.C. No. 2022CVG-013749)

(REGULAR CALENDAR)

D E C I S I O N

Rendered on February 23, 2023

**On brief:** *Brittany Smith*, pro se. **Argued:** *Brittany Smith.*

APPEAL from the Franklin County Municipal Court

BOGGS, J.

{¶ 1} Defendant-appellant, Brittany Smith, appeals the Franklin County Municipal Court's judgment in favor of plaintiff-appellee, Community Properties of Ohio Management ("Community Properties"), on its claim against Smith for forcible entry and detainer. For the following reasons, we affirm the trial court's judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} On May 10, 2022, Community Properties filed a complaint in forcible entry and detainer against Smith. Community Properties alleged that, pursuant to the terms of a written lease, Smith is the lessee of a residence located at 407 South 22nd Street in Columbus. Community Properties, which manages and leases the subject property, alleged that Smith had not paid the rent due on April 1, 2022, that Smith was in default under the terms of the lease, that pursuant to R.C. 1923.04 it had provided Smith with notice to vacate the premises, and that it was entitled to immediate possession of the premises. Community

Properties requested judgment in the form of immediate restitution of the premises and costs.

{¶ 3}   On May 23, 2022, this case came before a municipal court magistrate for a hearing, at which Smith appeared and participated pro se. Smith admitted that she had received notice to vacate the leased premises, but she denied that she was behind on her rent. Smith submitted to the court copies of three money orders, each dated March 3, 2022, and each in the amount of $500, which Smith claimed satisfied her rent obligations for March, April, and May 2022. Smith also told the magistrate that Homeport—the owner of the rental property managed by Community Properties—had agreed to sell her the leased property in 2018 but had then failed to go through with the sale. Smith claimed to have emails as evidence of the purchase agreement, but she was unable to access them on her cellphone for the magistrate to review.

{¶ 4}   Property managers Amy Logsdon and Andre Peterson testified on behalf of Community Properties. Logsdon stated that, in July 2010, Smith signed a one-year lease, which continued on a month-to-month basis after the initial lease term expired. Logsdon stated that the property is a tax-credit property, and that Smith was required to certify her income and family composition annually as a requirement of staying in the property. Smith admitted that she had not completed the recertification process for the previous year.

{¶ 5}   Community Properties acknowledged receipt of Smith's March 3 money orders, but it disputed that those payments satisfied Smith's rent obligations for April and May 2022. Instead, Community Properties maintained that the $1500 payment covered Smith's March rent, as well as unpaid back rent for January and February.[1] Smith made no rent payments in April or May 2022. Peterson testified that Smith was behind on her rent, both when Community Properties issued the notice to vacate and on the date of the hearing, and that Smith remained in the leased premises as of the date of the hearing.

{¶ 6}   The magistrate continued the hearing until May 31, 2022, at 10:30 a.m. to allow Smith to print her emails regarding the purported purchase agreement and produce receipts for any additional payments to Community Properties and to allow Community

---

[1] There was some dispute regarding the amount of Smith's rent. Smith claimed that her monthly rent was $500, but Logsdon testified that Community Properties sent a letter to Smith in October 2021, informing her that her monthly rent would increase to $525 beginning in January 2022. Smith denied any knowledge of Community Properties' intent to increase her rent.

Properties to retrieve its full file regarding Smith's lease. The magistrate told Smith, "[Y]ou have to figure out whether or not you're a lease or whether or not you're purchasing this home; and if you are a lease, you need to recertify your income. Because if you don't recertify your income, * * * [you're] not eligible to continue to live in this property." (May 23, 2022 Tr. at 31.) The magistrate instructed Smith, "Print out all your documentation. Bring everything. [Community Properties will] have their entire file. Hopefully counsel will be here and we can sort this out and see what is owed, if anything, and maybe work this out." *Id* at 38.

{¶ 7} When the magistrate recalled this case on May 31, Smith was not present. In her absence, Community Properties again presented brief testimony from Logsdon that the April 15 notice to vacate had been served on Smith, that Smith was behind on her rent on April 15, that Smith remained behind in her rent as of May 31, and that Smith was still living in the leased premises. Based on the evidence presented, the magistrate recommended judgment in favor of Community Properties and issued a decision to that effect. The decision stated, "Based on the evidence presented, the Magistrate finds that the Notice to Vacate conforms to R.C. 1923.04 and was properly served, and that plaintiff has proven non-payment of rent and the allegations set forth in the complaint by a preponderance of the evidence. Judgment for plaintiff for restitution of the premises and costs." (May 31, 2022 Mag.'s Decision.)

{¶ 8} Later that day, Smith filed a handwritten objection to the magistrate's decision. On a preprinted form, Smith wrote: "I Brittany Smith got my court time mixed up[.] I thought court was at 1:30 pm and [i]t was actually at 10:30 am today. I sincerely apologize for the time mix up but I need to be able to present my evidence and paperwork to the courts being that I was not able to speak to the judge today." (May 31, 2022 Letter.) The next day, the trial court summarily overruled Smith's objection.[2] By a separate entry, also filed June 1, 2022, the trial court adopted the magistrate's decision and entered judgment for Community Properties. The court subsequently denied a motion to stay filed by Smith.

---

[2] The trial court filed a second Entry on Objection to Magistrate's Decision on June 7, 2022. Except for an added handwritten notation, "Hearing Held," the second entry is identical to the first. If the trial court held a hearing on Smith's objection between June 1 and June 7, 2022, there is no transcript of that hearing in the record.

**II. ASSIGNMENT OF ERROR**

{¶ 9} Smith filed a timely appeal from the trial court's judgment, and she raises a single assignment of error: "The trial court erred and abuse[d] its discretion by not physically looking [at] and examining the evidence that the appellant and the appellee presented to the courts."

## III. ANALYSIS

{¶ 10} To prevail on its claim for forcible entry and detainer, Community Properties was required to establish "(1) that [it] met the procedural requirements and properly served [Smith] with notice of the eviction, (2) [that it] has the right to possess the premises, and (3) [that Smith] does not have the right to possession." *Garb-Ko, Inc., v. Benderson*, 10th Dist. No. 12AP-430, 2013-Ohio-1249, ¶ 54. The municipal court magistrate heard testimony on Community Properties' claim against Smith on May 23 and May 31, 2022. Although Smith disagreed with much of the testimony regarding her failure to pay rent for April and May 2022, Community Properties presented, through the testimony of Logdson and Peterson, evidence to satisfy each of the elements of its claim. Based on that testimony, the magistrate found that Community Properties had proven entitlement to judgment in its favor.

{¶ 11} The magistrate's decision recommending judgment in favor of Community Properties was filed on May 31, 2022, but a magistrate's decision is not effective until the trial court adopts it. Civ.R. 53(D)(4)(a). Civ.R. 53(D)(4) governs action on a magistrate's decision and sets out a trial court's obligations when faced with objections to a magistrate's decision. Pursuant to Civ.R. 53(D)(4)(b), "a court may adopt or reject a magistrate's decision in whole or in part, with or without modification." If no timely objections to the magistrate's decision are filed, the trial court may adopt the decision unless it determines that there is an error of law or a defect evident on the face of the decision. Civ.R. 53(D)(4)(c). But if a party timely objects to a magistrate's decision, the trial court must rule on the objections by "undertak[ing] an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law." Civ.R. 53(D)(4)(d).

{¶ 12}   A party may file written objections to a magistrate's decision within 14 days after the filing of the decision. Civ.R. 53(D)(3)(b)(i). Objections must be "specific and state with particularity all grounds for objection." Civ.R. 53(D)(3)(b)(ii). Civ.R. 53(D)(3)(b) imposes on the objecting party a duty to make timely, specific objections in writing, identifying any error of fact or law in the magistrate's decision. *O'Connor v. Trans World Servs.*, 10th Dist. No. 05AP-560, 2006-Ohio-2747, ¶ 8 (discussing former Civ.R. 53(E), now Civ.R. 53(D)). If a party objects to a magistrate's factual finding, the objecting party must support the objection with a transcript of the relevant evidence submitted to the magistrate or an affidavit of that evidence if a transcript is unavailable. Civ.R. 53(D)(3)(b)(iii). Except for a claim of plain error, a party may not appeal a trial court's adoption of a magistrate's factual finding or legal conclusion unless the party has first objected to that finding or conclusion in the trial court. Civ.R. 53(D)(3)(b)(iv).

{¶ 13}   When reviewing a trial court's adoption of a magistrate's decision, we will reverse the trial court's judgment only for an abuse of discretion. *McNeilan v. Ohio State Univ. Med. Ctr.*, 10th Dist. No. 10AP-472, 2011-Ohio-678, ¶ 19. Thus, reversal is appropriate only if it appears that the trial court's action was arbitrary or unreasonable. *Mayle v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 09AP-541, 2010-Ohio-2774, ¶ 15.

{¶ 14} Smith's objection to the magistrate's decision was undisputedly timely, having been filed the same day as the magistrate's decision. The objection, however, did not address the substance of the magistrate's decision. It did not expressly challenge any of the magistrate's limited findings of fact or conclusions of law. Indeed, it did not identify any error whatsoever. Instead, Smith simply apologized for missing the continued hearing based on her misunderstanding of the scheduled time and asked the court for an opportunity to present additional information. A trial court may hear additional evidence before ruling on objections, "but [it] may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." Civ.R. 53(D)(4)(d). Thus, while a party may request the opportunity to present additional evidence in support of an objection to a magistrate's decision, the request to present additional evidence is not itself a proper objection—especially here, when the trial court afforded Smith two opportunities to present evidence that she was current on her lease payments. Moreover, while Smith stated in her

objection that she had "evidence and paperwork" to present to the trial court, she offered no indication how that evidence would have demonstrated an error in the magistrate's decision. Nor does Smith claim that, in the exercise of reasonable diligence, she could not have produced the purported additional evidence for the magistrate at the May 23 hearing. With Smith having identified no error in the magistrate's decision, the trial court did not act unreasonably or arbitrarily by denying her objection without allowing her to present new evidence.

{¶ 15} To the extent Smith implicitly challenged the magistrate's factual finding that she was behind on her rent, which was the thrust of her testimony at the May 23 hearing, Smith did not support her objection with a transcript of the relevant evidence submitted to the magistrate or with an affidavit of that evidence, as required by Civ.R. 53(D)(3)(b)(iii). When an objecting party fails to support a challenge to a magistrate's finding of fact with a transcript, the trial court is required to accept the magistrate's factual findings as true, and it may review only the legal conclusions the magistrate drew from those facts. *Bahgat v. Kissling*, 10th Dist. No. 17AP-641, 2018-Ohio-2317, ¶ 21. Thus, the trial court was required to accept the magistrate's finding that Smith was in default for nonpayment of rent. Applying the magistrate's findings of fact to the legal requirements for establishing a claim in forcible entry and detainer, the trial court did not abuse its discretion in adopting the magistrate's decision.

{¶ 16} In her appellate brief, Smith makes other conclusory arguments, including that Homeport has improperly denied that it offered her the option to purchase her home, that Community Properties is improperly charging her for the duplex property's entire water bill when she only occupies one of the units and despite the existence of a utility allowance, and that Community Properties has improperly applied her rent payments to illegally charged water bills. Smith did not, however, raise those arguments in her objection to the magistrate's decision, and they are therefore not properly before this court. In *State ex rel. Booher v. Honda of Am. Mfg., Inc.*, 88 Ohio St.3d 52, 53-54 (2000), the Supreme Court of Ohio held that pursuant to Civ.R. 53(E)(3)(b), now Civ.R. 53(E)(3)(d), a party is barred from raising any error on appeal pertaining to a trial court's adoption of any finding of fact or conclusion of law by a magistrate unless that party timely objected to that finding or conclusion in the trial court, as required under the rule.

{¶ 17} Finally, we note that Smith cites in her appellate brief Civ.R. 60(B), which provides a party an avenue by which to ask a trial court for relief from a final judgment in specified circumstances, for example, demonstrable "mistake, inadvertence, surprise or excusable neglect."  Civ.R. 60(B)(1).  While Smith may have a viable argument that her failure to appear at the correct time for the May 31 hearing was the result of excusable neglect, she did not move the trial court for relief from judgment under Civ.R. 60(B). Therefore, the trial court has not considered that question, and we may not consider in the first instance whether she would have been entitled to such relief.

## IV.  CONCLUSION

{¶ 18} For these reasons, we overrule Smith's assignment of error and affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

LUPER SCHUSTER and EDELSTEIN, JJ., concur.

—————————————