[Cite as *Carrero v. Pabon*, 2024-Ohio-6030.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ANGEL CARRERO,                          :

    Plaintiff-Appellant,        :

                            No. 114015

    v.                           :

MIGDALIA PABON,                         :

    Defendant-Appellee.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 26, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-23-976040

---

### *Appearances:*

D.W. Smith Legal Services and Derek W. Smith, *for appellant*.

Herman Law, LLC, and Edward F. Herman, *for appellee*.

EILEEN T. GALLAGHER, P.J.:

{¶ 1} Appellant Angel Carrero ("Carrero") challenges the judgment of the Cuyahoga County Court of Common Pleas, dismissing his case against appellee Migdalia Pabon ("Pabon") with prejudice for failure to prosecute. After a thorough review of the applicable law and facts, we affirm the judgment of the trial court.

# I. Factual and Procedural History

{¶ 2} This matter arose from a foreclosure matter where Carrero owned the subject property, and Pabon was a tenant of the premises pursuant to a written land contract. Further underlying substantive facts of the case are irrelevant to the issues in this appeal.

{¶ 3} Carrero filed suit for foreclosure against Pabon and America's Wholesale Lender. He later amended the complaint to add Mortgage Electronic Registration Systems, Inc. ("MERS") as a defendant.

{¶ 4} A week before the scheduled bench trial date, the parties jointly moved to convert the trial to a telephone status conference, asserting that MERS had only recently been added as a party. The trial court denied the motion and stated that the trial would proceed as scheduled.

{¶ 5} On the day of the scheduled trial, neither Carrero nor his counsel appeared. The court dismissed the case, stating in its journal entry:

> Case called for trial. Defendant/counterclaimant Migdalia Pabon appeared with attorney Edward Herman. Plaintiff Angel Carrero and attorney Derek Smith did not appear or notify the court of an inability to attend. Moreover, plaintiff failed to comply with the trial order requiring "trial briefs, witness lists, exhibit lists, motions in limine, and stipulations 7 days before the trial." [ ]The order further cautioned that "failure to timely comply or appear for [t]rial will result in dismissal of the case." Accordingly, and pursuant to the court's aforementioned trial order dated 04/02/2024, the plaintiff's claims against defendant Migdalia I. Pabon are dismissed, with prejudice.
>
> Upon oral motion at trial of Attorney Herman, counterclaim plaintiff Pabon's claims against Angel Carrero are dismissed, without prejudice. . . . .

{¶ 6} Carrero filed the instant appeal, arguing that the trial court abused its discretion when it dismissed his case with prejudice for failure to prosecute.

{¶ 7} After the notice of appeal was filed, Carrero moved the trial court for relief from judgment pursuant to Civ.R. 60(B). The trial court did not rule on the motion at that time, correctly noting that it had been divested of jurisdiction once the notice of appeal was filed.

{¶ 8} Carrero moved for a limited remand of this matter for the sole purpose of ruling on the pending motion for relief from judgment, which was granted. In this court's journal entry, Carrero was advised as follows: "In order to appeal the trial court's ruling on the motion for relief from judgment, the party must file a separate notice of appeal from the order and may request the matter to be consolidated with the instant appeal."

{¶ 9} On remand, the trial court denied Carrero's motion for relief from judgment; Carrero did not file an additional appeal of this denial. Thus, the only issue before us in the instant appeal is the court's dismissal of the case with prejudice following Carrero's failure to prosecute. We now turn to the merits of that issue.

## II. Law and Analysis

{¶ 10} Preliminarily, we note that Carrero has attached to his appellate brief an affidavit by his counsel and sets forth significant factual allegations relating to his motion for relief from judgment within his brief. However, none of the allegations or arguments raised in the subsequent filings related to the motion for relief from judgment are before us. To be clear, the record for the instant appeal only

encompasses the filings up until the notice of appeal. In other words, the propriety of the trial court's ruling on the motion for relief from judgment is not properly before us because the filing of the motion and the ruling both occurred *after* Carrero had filed a notice of appeal from the dismissal of his claim. *See Sullivan v. Curry*, 2010-Ohio-5041, ¶ 54 (2d Dist.) (recognizing that an appellate court cannot consider matters in the record that occurred after the filing of a notice of appeal).

{¶ 11} Accordingly, this court's review is limited to the record before us, and we may only consider the record as it existed before the trial court at the time of the dismissal of Carrero's case. In reviewing an appellant's claims of error, an appellate court is limited to the facts and evidence set forth in the record of appeal and cannot consider facts outside that record. *In re Q.S.,* 2023-Ohio-712, ¶ 105 (8th Dist.), citing App.R. 9; App.R. 12(A)(1)(b).

{¶ 12} Disregarding any arguments related to matters outside of the record, Carrero seems to argue that the trial court erred in dismissing his case because the case had been pending for a significant time and should have been decided on its merits. He contends that dismissal should be reserved "for those cases in which the conduct of a party is so negligent, irresponsible, contumacious, or dilatory . . . ."

{¶ 13} As an aside, we note that Pabon argues that Carrero's appeal has no merit because he has failed to furnish this court with a transcript of the bench trial. However, the presence or absence of a transcript in this matter is irrelevant because we can discern the issues from the docket entries.

{¶ 14} Carrero's case was dismissed for failure to prosecute under Civ.R. 41(B). This rule provides: "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

{¶ 15} A trial court's decision dismissing an action pursuant to Civ.R. 41(B)(1) is generally within the trial court's discretion and will not be reversed absent an abuse of that discretion. *Quonset Hut, Inc. v. Ford Motor Co.*, 80 Ohio St.3d 46, 47 (1997), citing *Jones v. Hartranft*, 78 Ohio St.3d 368, 371 (1997). An abuse of discretion occurs when a court exercises its judgment in an unwarranted way regarding a matter over which it has discretionary authority. *Johnson v. Abdullah*, 2021-Ohio-3304, ¶ 35. However, in *Hartranft*, the Ohio Supreme Court held that appellate courts should apply a heightened abuse-of-discretion standard to a trial court's dismissal "with prejudice" because a dismissal "with prejudice" forever denies the plaintiff a review of his or her claims on the merits. *Id.* at 372.

{¶ 16} Before a trial court can properly dismiss a party's claim for failure to prosecute under Civ.R. 41(B)(1), the record must show that the party had notice of the possibility of dismissal. *Mokrytzky v. Capstar Capital Corp.*, 2009-Ohio-238, ¶ 12 (8th Dist.), citing *Logsdon v. Nichols*, 72 Ohio St.3d 124 (1995).

{¶ 17} Dismissal with prejudice is an extremely harsh sanction. *Willis v. RCA Corp.*, 12 Ohio App.3d 1 (8th Dist. 1983), paragraph one of the syllabus ("Dismissal with prejudice for nonappearance at a pretrial hearing is a drastic remedy which should be used sparingly and in extreme situations."). The power of the trial court

to prevent undue delays and control its docket must be balanced against the policy that favors disposition of litigation on the merits. *Id.* at 3.

{¶ 18} There is no dispute that Carrero and his counsel did not appear for trial nor did they comply with the court's prior order to file a trial brief, witness lists, exhibit lists, motions in limine, and stipulations seven days prior to trial. Moreover, Carrero does not assert that he did not receive the court's order containing the warning that failure to comply with its order regarding the above filings or to appear for trial would result in dismissal of the case. The court properly put Carrero on notice that failure to comply with its order or appear for trial would result in dismissal. As such, we cannot find that the trial court abused its discretion, even under a heightened standard. Carrero's sole assignment of error is overruled.

{¶ 19} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

EMANUELLA D. GROVES, J., and
MARY J. BOYLE, J., CONCUR