[Cite as *Richmond v. Evans*, 2025-Ohio-1835.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

HEATHER RICHMOND,

      Plaintiff-Appellant,      :

                                  No. 114420

                           :

      v.

                           :

PETER J. EVANS,

                           :

      Defendant-Appellee.

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 22, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-13-345428

---

***Appearances:***

Stafford Law Co., L.P.A., and Nicole A. Cruz, *for appellant.*

Taft Stettinius & Hollister, LLP and Jill Friedman Helfman, *for appellee.*

EMANUELLA D. GROVES, J.:

{¶ 1} Plaintiff-appellant Heather Richmond ("Wife") appeals the trial court's decision overruling her objections to the magistrate's decision and adopting the

decision to deny her motions to modify spousal support. After a thorough review of the law and facts, we affirm.

**Factual and Procedural History**

{¶ 2} Defendant-appellee Peter J. Evans ("Husband") and Wife's marriage was terminated by a judgment entry of divorce issued March 26, 2014. The judgment of divorce was accompanied by a separation agreement, which addressed spousal support as follows:

> [E]ffective March 1, 2014, husband shall pay spousal support directly to wife in the amount of $10,000 per month, which shall be considered tax deductible to husband and taxable to wife. This spousal support shall be paid in two equal monthly installments on the 15th and 30th of each month, and deposited into wife's . . . [b]ank account . . . held in the sole name of wife.

> This spousal support obligation that commences on 3/1/14 shall continue for a period of 78 months but shall terminate earlier upon the death of husband or wife, or upon wife's remarriage or cohabitation as defined by Ohio law.

> Spousal support shall be subject to the jurisdiction of the court for purposes of modification during the 78-month term in the event of a substantial change in circumstances not contemplated by the parties at the time of divorce.

> On the 15th or 30th day of the month (whichever comes first) following husband's receipt of the full $225,000 property settlement payment identified in section 1(H) [of this agreement], husband's spousal support obligation shall increase to $15,000 per month for the remainder of the term of spousal support, subject to the terms of this section (such as termination, modification, etc.).

{¶ 3} On January 26, 2017, Wife filed a motion to modify spousal support and requested attorney fees and litigation expenses. Wife alleged that there was a substantial change in circumstances warranting an increase in the amount and

duration of spousal support, alleging: a substantial increase in Husband's income; Husband's live-in girlfriend's contributions to household income; Wife's unemployment, need to obtain training to obtain employment, health problems, emotional distress; and a substantial increase in her expenses that were not anticipated at the time of the divorce.

{¶ 4} The case was assigned to a magistrate, and on July 18, 2017, the motion was set for a trial to commence on January 5, 2018. In addition, the magistrate set a discovery cutoff date of November 17, 2017, and ordered the parties to submit updated postdecree affidavits of income and expenses on or before November 3, 2017.

{¶ 5} Wife filed a motion to continue the final pretrial, which was granted, moving the date to December 5, 2017. On December 4, 2017, Husband filed a motion for attorney fees, a motion to compel discovery, and a motion for sanctions. Wife filed a brief in opposition. She also moved for sanctions and to compel discovery. The trial court granted both parties' motions to compel and ordered them to provide the requested discovery on the trial date. The trial court continued the motions for sanctions and attorney fees until the final hearing.

{¶ 6} On January 5, 2018, the parties exchanged voluminous discovery. Nevertheless, the magistrate found that neither party had fully complied with the discovery order. Husband's documents did not contain an inventory, and Wife failed to provide federal tax returns for the year 2016. Additionally, Husband requested Wife provide a medical release since her motion put her medical condition

into issue. Wife refused to provide the release, arguing that she could testify to those conditions and that the release was unnecessary. The magistrate ordered the parties to provide the missing items and ordered them to submit briefs regarding the medical release by January 22, 2018.

{¶ 7} Both parties filed the requested briefs on January 22, 2018. In June 2018, Wife filed a motion for an attorney conference, which the magistrate granted. On July 25, 2018, the magistrate filed an order noting that both parties reported that all financial documents had been exchanged except income tax returns from 2017. However, Wife's medical records remained at issue. The magistrate scheduled a final pretrial for October 2, 2018. A trial date for February 13, 2019, was scheduled.

{¶ 8} On December 6, 2018, the magistrate issued a ruling on the medical records. The magistrate agreed with Wife's contention that she was not required to submit expert testimony to support her claims, so long as she testified and was subject to cross-examination. However, the magistrate found that by raising her health in a civil action, R.C. 2317.02(B)(1)(a)(iii) applied. Under that provision, the testimonial privilege between a medical professional and their patient does not apply, and the professional may be compelled to testify. R.C. 2317.02(B)(1)(a)(iii) (Testimony may be compelled when a "civil action . . . is filed by the patient, the personal representative of the estate of the patient if deceased, or the patient's guardian or other legal representative."). Furthermore, the magistrate found that such medical professionals may be compelled to submit to discovery as provided in R.C. 2317.02(B)(3)(a).

{¶ 9} Therefore, the magistrate ordered Wife to submit the names and addresses of any medical professionals who had treated her for anything related to the allegations raised in her motion for spousal support. Additionally, the magistrate ordered Wife to submit a Health Insurance Portability and Accountability Act ("HIPAA") release for all medical professionals she identified, and for medical records to be forwarded to the trial court's law department for in camera inspection. The magistrate also ordered that

> [f]or any medical provider not actually identified, including but not limited to psychotherapists and acupuncturists, Plaintiff shall be barred from providing any medical evidence, either by way of that provider, or any other expert, not previously identified, as of the date of this order, through direct examination, cross examination and rebuttal testimony, as applicable.

Magistrate's Decision, Dec. 6, 2018.

{¶ 10} Finally, the magistrate ordered that the parties act expeditiously so that any outstanding issues could be addressed at the final pretrial on January 7, 2019. Both parties filed motions for extension of time, in December 2018. Wife filed notice of submission of HIPAA release in early January 2019, and notice of submission of certain medical records on Jan. 14, 2019.

{¶ 11} On January 17, 2019, the magistrate filed two journal entries. The first denied the parties' respective motions for extension and maintained the February 13, 2019 trial date. It also set orders for filing witness lists, exhibits, and trial briefs, and included the following language:

> Trial shall continue day-to-day until completed. Counsel will not be excused to attend other court commitments. Counsel, the parties and

witnesses are expected to be present and ready to begin at the scheduled time. The parties shall ensure that witnesses are available to testify when needed. The Court will not adjourn a trial early because no witnesses are present to be called. No continuances will be granted based on scheduling conflicts or the withdrawal of counsel.

. . .

Failure of a party to comply with this order may result in sanctions, including, but not limited to, dismissal of the party's motion(s), evidence being excluded, and/or the award of attorney fees.

Magistrate's Trial Order, Jan. 17, 2019.

{¶ 12} The second entry addressed the medical records. The magistrate noted Wife's records, which included over 1500 pages of documents, did not include any updated medical history after May 27, 2014.[1] Additionally, Wife failed to identify any medical providers or records for medical care that occurred after May 27, 2014. As a result, the magistrate barred Wife from "producing any records that have not been produced up to the date of this Order." Magistrate's Medical Release Order, Jan. 17, 2019. The order did not explicitly bar Wife from testifying about any medical conditions. Both parties were permitted to schedule an appointment with the law department to review the records.

{¶ 13} On February 8, 2019, Wife filed a motion to reconsider the decision, which the magistrate denied. Wife filed a notice of appeal on February 12, 2019. Despite the notice of appeal, the trial court conducted the first day of testimony on February 13, 2019. Wife's counsel called Husband as if on cross-examination and

---

[1] The final divorce degree was issued March 26, 2014; it is possible that the May date is a typo, but it is not readily apparent from the record.

asked him questions regarding his income, increases in his salary, contributions to retirement accounts, and assets acquired since the divorce. Wife filed a second motion to modify spousal support that day. The updated motion included her prior claims and added that she did not have any retirement assets. She also alleged that her lengthy unemployment and substantial increase in expenses were not anticipated at the time of the divorce.

{¶ 14} On February 27, 2019, this court dismissed Wife's appeal finding that the magistrate's discovery order was not a final appealable order. *Heather Richmond v. Peter J. Evans,* No. CA-19-108203 (8th Dist. Feb. 27, 2019). The magistrate filed an agreed journal entry on April 15, 2019, in which the trial court acknowledged that the notice of appeal divested the court of jurisdiction to hear the testimony taken on February 13. The court ordered that the testimony and evidence be preserved and did not require the parties to reintroduce the testimony and evidence presented.

{¶ 15} On April 11, 2019, the magistrate heard an additional day of testimony. Wife's counsel recalled Husband as if on cross-examination and questioned him about changes in his financial information since the February hearing. The magistrate continued the trial to June 12, 2019. Both parties filed motions to continue the trial. The trial was reset for February 11 through 13, 2020.

{¶ 16} In the interim, Husband filed a motion in limine asking the magistrate to find that the terms of the separation agreement were clear and unambiguous and only reserved jurisdiction with the trial court to allow changes in the amount of

support but not the duration of support. On February 11, 2020, the magistrate granted Husband's motion in limine over Wife's objections.

{¶ 17} On February 13, 2020, the trial court held a pretrial in lieu of proceeding with trial.[2] The magistrate and the parties discussed the court's ruling on the terms of the separation agreement and whether the reservation of jurisdiction covered both the amount and duration of spousal support. The magistrate expressed concern that the 78-month term of support expired near the end of the year and yet little progress had been made on the case. Ultimately, the magistrate adjourned the hearing and offered the parties an opportunity to discuss a settlement.

{¶ 18} The magistrate subsequently set new trial dates for May 2020. One week prior to trial, the magistrate filed an order noting that the court had contacted the attorneys for both parties to inform them that the upcoming hearing would be held via the video conferencing platform Zoom because of the COVID-19 pandemic. Counsel for Husband responded and planned to attend via Zoom; however, Wife's counsel did not respond. After further inquiry, the court determined that Wife's counsel was aware of the court's plan and issued an order confirming that the hearing would proceed via Zoom.

---

[2] The record reflects that the parties met on February 12, 2020; however, a transcript for that hearing was not provided to this court.

{¶ 19} Wife filed a motion to set aside the magistrate's order and a motion to continue the trial. The magistrate granted the motion to continue and denied the motion to set aside the magistrate's order as moot.

{¶ 20} The court set new trial dates for February 2021. Wife again filed a motion to continue, arguing in part that trial by Zoom was inappropriate, but also that the continuance was necessary because of COVID-19, Wife resided in Canada and travel was difficult. The court granted the motion and moved the trial to August 2021. Wife filed another motion to continue raising the same arguments as the previous motion. The magistrate granted the motion and set the trial for in-person testimony on April 7, 8, and 25, 2022.

{¶ 21} Trial resumed on April 7, 2022. Wife called Husband as if on cross-examination and the testimony consisted of further updates to Husband's income, expenses, and wealth since the last hearing. At the end of the day on April 8, 2022, the parties discussed the need for further testimony and the trial was continued. [3]

{¶ 22} The magistrate set the next trial date for November 2022. Husband filed a motion to continue the trial, which was granted. The magistrate set the new trial dates for July 19-21, 2023.

{¶ 23} On July 14, 2023, Wife filed a motion to continue alleging that she had a recent medical diagnosis, which would have a bearing on the case and that further diagnostic information was necessary prior to trial. Additionally, Wife alleged she

---

[3] It does not appear from the records that the trial reconvened on April 25, 2022.

was unable to attend. Husband filed a brief in opposition, alleging that Wife was actually in Cleveland awaiting a doctor's appointment and that her diagnosis was not life threatening. Husband requested a telephone conference to discuss the issues. On July 18, 2023, Wife filed a motion requesting a 90-day medical stay of the proceedings due to an unspecified diagnosis. In response, Husband filed several motions in limine requesting sanctions, asking the court to bar any medical evidence based on its prior order and prevent the parties from issuing further discovery requests, including issuing subpoenas to Husband's banking institutions for updated financial information.

{¶ 24} The first morning of trial, the magistrate denied Wife's motion for continuance, and Wife filed a notice of appeal. The magistrate and parties, excluding Wife, briefly met to discuss the trial court's jurisdiction. All agreed that the court did not have jurisdiction to proceed with the trial. Later that day, this court dismissed the appeal for lack of a final appealable order. Wife immediately appealed this court's decision to the Ohio Supreme Court.

{¶ 25} On November 22, 2023, the Ohio Supreme Court declined jurisdiction for the case finding that Wife's filing was frivolous. Additionally, the court found that the appeal was similar to other filings by her lawyers that ignored established case law. As a result, the court found that Wife's lawyers were vexatious litigators, and Husband was entitled to reasonable attorney fees to cover the costs of defending the appeal. *H.R. v. P.J.E*, 2023-Ohio-4185.

{¶ 26} On December 4, 2023, the magistrate filed a decision denying Wife's motions to modify spousal support. The magistrate specifically noted the number of continuances granted to Wife, Wife's failure to appear at the last trial date, and Wife's failure to establish a substantial change in circumstances. On December 18, 2023, Wife filed preliminary objections to the magistrate's decision. Wife argued that the magistrate's decision precluded Wife from completing her case-in-chief and was reversible error under R.C. 2315.01. She also argued that the decision to proceed to judgment violated her right to due process, was an abuse of discretion, and was an error of law. Wife claimed that the magistrate erred in denying her motions since she met her burden of proof to establish a substantial change in circumstances. Wife further alleged that the evidence she presented regarding Husband's increased income was sufficient to meet her burden of proof.

{¶ 27} On February 13, 2024, Husband filed a motion to limit Wife's objections arguing that Wife failed to timely file the transcripts 30 days after her preliminary objections. Wife filed a motion to dismiss Husband's motion to limit the objections.

{¶ 28} The trial court ruled on the parties' respective motions on April 12, 2024, noting that the transcripts were completed and provided to both counsel on January 5, 2024. The court ordered Wife's counsel to file the transcripts and the supplemental objections within 14 days of the order and gave Husband's counsel 14 days from that filing to respond. The court denied the parties' respective motions as moot.

{¶ 29} Counsel for Wife filed her supplemental objections on April 26, 2024. Counsel alleged that the magistrate's decision presented "an improper characterization of the facts, improper attacks upon the [Wife], and [was in] clear retaliation for seeking appellate relief." This bias, per counsel, established a clear abuse of discretion, which required the trial court to overrule the magistrate's decision. Wife's supplemental objections mirrored her preliminary ones, adding additional recitation of facts and arguments to support her core arguments.

{¶ 30} Husband filed a brief opposing Wife's objections. Husband argued that the trial court had discretion to control the presentation of evidence pursuant to Evid.R. 611 and even if the trial court did err or abuse its discretion, the error was harmless because numerous failures on Wife's part would have allowed the magistrate to dismiss the case outright instead of limiting testimony, including the filing of a frivolous appeal and Wife's failure to appear for trial. Based on the foregoing, Husband asserted that the court did not act improperly. Finally, Husband alleged Wife failed to establish a substantial change in circumstances, i.e., the changes in Wife's income since the divorce compared to the changes in Husband's income did not warrant a change in the spousal-support order.

{¶ 31} The trial court overruled Wife's objections to the magistrate's decision on September 30, 2024. The trial court agreed with the magistrate's finding that the parties' separation agreement reserved jurisdiction over the amount of support but not the duration of support. Consequently, the trial court limited its review to whether Wife established that there was a substantial change in circumstances not

contemplated at the time of divorce.  The trial court noted that in five days of trial, Wife only called Husband as a witness to address his increased income since the divorce in 2014. [4]  The court found that

> the likelihood [Husband's] income would increase over the course of his career was, or should have been, contemplated at the time of the divorce.  Consequently, by the terms of the Separation Agreement, this cannot be grounds for modification of spousal support.

Trial Court's Sept. 30, 2024 Decision.

{¶ 32} The court found that the only changed circumstance was Wife's medical condition and based on her failure to comply with discovery, she was precluded from presenting any expert testimony or medical records of post-divorce medical conditions at trial.  Citing Evid.R. 611(A), the trial court found that it had the inherent power to control the conduct of trial and the presentation of evidence.  The court also noted that "'[e]quity will not compel a court to do a vain and useless thing.'  To continue to take evidence unrelated to the only issue before the Court would be a vain and useless thing."

{¶ 33} Wife appeals and assigns the following errors for our review.

### Assignment of Error No. 1

The trial court erred as a matter of law and abused its discretion by terminating Wife's case-in-chief under Ohio law and violating her fundamental right to due process of law.

### Assignment of Error No. 2

The trial court erred as a matter of law and abused its discretion by finding that the Judgment Entry of Divorce did not reserve jurisdiction

---

[4] The parties provided transcripts for six days, only four of which contained witness testimony.

to modify the term of Husband's spousal support obligation under Ohio Revised Code Section 3105.18.

## Assignment of Error No. 3

The trial court erred as a matter of law and abused its discretion by excluding evidence and testimony concerning Wife's medical conditions at trial.

## Assignment of Error No. 4

The trial court erred as a matter of law and abused its discretion by denying Wife's Motions to Modify Support.

## Law and Analysis

{¶ 34} For ease of analysis, we will address the assignments in combination or out of order as necessary, beginning with Wife's first assignment of error. After reviewing the testimony, the record, and the magistrate's orders, we find that the magistrate did not err by ruling on Wife's spousal-support motions in the midst of her case-in-chief and that the trial court did not abuse its discretion in adopting that decision.

## Standard of Review

{¶ 35} When a party files objections to a magistrate's decision on a modification of spousal support, the trial court utilizes the de novo standard of review. *Comella v. Parravano*, 2014-Ohio-834, ¶ 7 (8th Dist.), citing *Potter v. Potter*, 2013-Ohio-3531, ¶ 11 (8th Dist.). The trial court must then independently review the evidence, reach its own conclusions about the issues raised in the case, and "determine whether the magistrate properly determined the factual issues and appropriately applied the law." *Id.*; citing Civ.R. 53(D)(4)(d). On appeal, a court of

appeals reviews the trial court's decision for an abuse of discretion. *Id.*, citing *Gobel v. Rivers*, 2010-Ohio-4493, ¶ 16 (8th Dist.). A court abuses its discretion when its decision is unreasonable, arbitrary, or unconscionable. *Rodeno v. Mezenski*, 2022-Ohio-1176, ¶ 17 (8th Dist.), citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 36} A trial court has broad discretion to determine whether a spousal-support order is proper considering the facts and circumstances. *Comella* at ¶ 8. Accordingly, this court will not substitute its judgment for that of the trial court absent an abuse of discretion. *Id.* at ¶ 7. Additionally, an appellate court "will not reverse a decision of the domestic relations court if there is competent, credible evidence in the record to support the trial court's decision." *Id.* at ¶ 8, citing *Abernethy v. Abernethy*, 2010-Ohio-435, ¶ 39 (8th Dist.).

**Due Process and R.C. 2315.01(A)**

{¶ 37} Wife argues that the trial court abused its discretion when it approved the magistrate's decision, which ruled on her motion without further hearing and without giving notice to the parties. The ruling, per Wife, violated her right to due process under the United States Constitution and R.C. 2315.01(A). Additionally, Wife argues that the trial court's reliance on Evid.R. 611(A) was misplaced.

{¶ 38} First, given the circumstances of this case, Wife's due-process claim is without merit. "The inquiry as to what constitutes due process depends on the facts of each case." *Theriot v. Hetrick*, 2020-Ohio-6995, ¶ 24 (8th Dist.), citing *Huntington Natl. Bank v. 5777 Grant, LLC*, 2014-Ohio-5154, ¶ 16 (8th Dist.).

{¶ 39} At its core, "'procedural due process is the right to receive reasonable notice and a reasonable opportunity to be heard.'" *Id.*, quoting *Sprouse v. Miller*, 2008-Ohio-4384, ¶ 13 (4th Dist.).

> Due process of law implies, in its most comprehensive sense, the right of the person affected thereby to be present . . . to be heard, by testimony or otherwise, and to have the right of controverting, by proof, every material fact which bears on the question of right in the matter involved.

*Williams v. Dollison*, 62 Ohio St.2d 297, 299 (1980).

{¶ 40} It is undisputed that after the last full hearing on April 8, 2022, the intention was for the trial to continue. The parties discussed it on the record, and the trial was continued to November 2022. At Husband's request, due to an unforeseen scheduling conflict, the case was continued to July 19, 2023. On July 14, 2023, Wife filed her motion to continue alleging a recent diagnosis. On July 19, 2023, Wife's attorneys appeared for trial but Wife failed to appear. At 8:53 a.m., the trial court filed its journal entry denying Wife's motion for a continuance. Wife filed a notice of appeal at 9:35 a.m. This court dismissed the appeal for lack of a final appealable order at 3:09 p.m., and Wife immediately appealed that decision to the Ohio Supreme Court. On November 22, 2023, the Ohio Supreme Court ultimately dismissed the case deeming it a frivolous appeal, designating Wife's attorneys as vexatious litigators, and allowing Husband to obtain attorney fees for the costs of defending the appeal. *H.R.*, 2023-Ohio-4185.

{¶ 41} The magistrate, without immediate notice to the parties of his intentions, filed his order denying Wife's motions on December 4, 2023. Notably,

the magistrate's trial order from January 17, 2019, notified the parties that failure of a party, counsel, or witness to appear at trial could result in exclusion of evidence and or dismissal of the case.

{¶ 42} While the magistrate did not notify the parties that he intended to rule without further testimony, the record reflects that there was sufficient notice and that the parties were provided an opportunity to be heard. At the time of the magistrate's ruling, the trial had been ongoing for six years. The parties were on notice, pursuant to the magistrate's trial order, that a consequence for failing to appear at trial could be an adverse evidentiary ruling or dismissal. Additionally, there were other factors supporting the magistrate's decision to rule rather than to continue the trial. As the magistrate noted in his entry, despite several days of trial, Wife only called Husband on cross-examination. The record reflects that Wife's counsel elected to subpoena Husband's financial records prior to each hearing and cross-examine him regarding increases in his salary, property acquisitions, and investments. After the first two hearings, Husband objected to the constant updates and argued that Husband's current income was not relevant to spousal support. At that point, Wife argued that Husband's income was relevant to attorney fees and continued to call Husband on cross-examination for each of the subsequent hearings. Wife did not present any evidence regarding her changed circumstances.

{¶ 43} Further, Wife could have presented additional evidence. A trial court has the authority to accept additional evidence when ruling on objections to the magistrate's decision. *Donofrio v. Whitman*, 2010-Ohio-6406, ¶ 4 (8th Dist.), citing

Civ.R. 53(D)(4)(b).[5]  Thus, Wife had the option of requesting the admission of additional evidence after the December magistrate's decision was issued.  In her preliminary objections to the magistrate's decision, Wife alleged that she would have demonstrated a specific named illness that affected her ability to seek employment, her needs and expenses, her prior loss of employment, and that there had been substantial changes in circumstances since the divorce.  Counsel for Wife did not attach any affidavits from a person with knowledge regarding Wife's claims.  Wife made similar claims in her supplemental objections, but again, did not include any affidavits or other attachments to support her claims.

{¶ 44} Based on the foregoing, Wife was afforded notice and an opportunity to be heard.  Her right to due process was not violated.

{¶ 45} In addition, Wife argues that the trial court's decision violated R.C. 2315.01(A).  Detailed instructions for the preferred order of a trial is set forth in R.C. 2315.01(A).   This court addressed a similar challenge in *Korzeniowski v. Korzeniowski*, 2002-Ohio-2031 (8th Dist.).  In that case, the defendant-appellant argued that the magistrate erred by issuing a decision prior to the conclusion of his case-in-chief in violation of former R.C. 2315.01(C), renumbered to R.C. 2315.01(A)(3), which section is applicable to trials to the court under R.C. 2315.08.  Noting that the trial court has discretion to modify the trial procedure for good

---

[5] However, the trial court may refuse to hear additional evidence unless the objecting party demonstrates that she "'could not, with reasonable diligence, have produced that evidence for consideration by the magistrate.'" *Community Properties of Ohio Mgmt. v. Smith*, 2023-Ohio-540, ¶ 14 (10th Dist.), quoting Civ.R. 53(D)(4)(b).

reason shown, this court found that where the defendant failed to follow court orders to submit evidence and closing arguments, and failed to object to certain trial court decisions, a party may waive the requirements of R.C. 2315.01. This court held that under those facts, the trial court did not abuse its discretion when it ruled without having the defendant's evidence. *Id.* at ¶ 8, 10-11.

{¶ 46} Looking at the totality of the circumstances, Wife's insistence on continuing to update Husband's income, failure to introduce evidence as to her changed circumstances, requests for multiple continuances, and delays caused by at least one frivolous appeal, justified the magistrate's decision to rule rather than continue the trial.

{¶ 47} In addition to the case cited above, case law regarding dismissal with prejudice under Civ.R. 41(B)(1) is helpful in analyzing this case.[6] Although the trial court did not dismiss Wife's claims, this line of case law is relevant because the trial court's ruling terminates spousal support and also terminates the trial court's reservation of jurisdiction over that issue, effectively barring Wife from pursuing her claims further.

{¶ 48} Notably, in *Jones v. Hartranft*, 78 Ohio St.3d 368 (1997), the Ohio Supreme Court stated that when dismissing a case with prejudice under Civ.R. 41(B)(1), it is proper for a court to consider

---

[6] Civ.R. 41(B)(1) contemplates failures to prosecute and provides, "Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."

the drawn-out history of the litigation, including a plaintiff's failure to respond to interrogatories until threatened with dismissal, and other evidence that a plaintiff is deliberately proceeding in a dilatory fashion or has done so in a previously filed, and voluntarily dismissed action.

*Id.* at 372.

{¶ 49} Further, in *Carrero v. Pabon*, 2024-Ohio-6030 (8th Dist.), this court found that a trial court did not abuse its discretion when it dismissed a case, after providing notice to the plaintiff that a dismissal could result if a party failed to comply with the court's orders. In that case, neither the plaintiff nor his counsel appeared for trial. *Id.* at ¶ 5. Additionally, the plaintiff failed to file a trial brief, witness lists, exhibits lists, motions in limine, and stipulations seven days prior to trial as required by the court's trial order. *Id.* at ¶ 18.

{¶ 50} Here, Wife had ample opportunity to present evidence to support her claims regarding her lowered income, declining health, and emotional distress, which she claimed led to a substantial change in circumstances since the divorce. However, Wife elected not to provide a list of medical professionals or medical records after the divorce decree to substantiate her claims. Even when she claimed to have a recent diagnosis that necessitated a continuance of the July 2023 trial, Wife did not include an affidavit or submit any evidence in support. Additionally, Wife filed two appeals during the pendency of the case, both of which were dismissed for lack of a final appealable order. While a party has a right to appeal an adverse ruling, we cannot ignore the fact that Wife's lawyers were designated vexatious

litigators for their frivolous conduct in appealing the denial of a motion to continue, actions that had been addressed in their other cases.[7]

{¶ 51} A trial court does not abuse its discretion when a party's conduct is "so negligent, irresponsible, contumacious, or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order." *Parker v. Russo*, 2024-Ohio-4677, ¶ 17 (8th Dist.), quoting *Schreiner v. Karson*, 52 Ohio App.2d 219, 223 (9th Dist. 1977).

{¶ 52} Finally, Wife argues that the trial court's reliance on Evid.R. 611(A) was misplaced because it did not apply in this situation. We disagree. The trial court ultimately found that its inherent power to control the proceedings under Evid.R. 611 allowed it to proceed to judgment where continued testimony would be "a vain and useless thing." Evid.R. 611(A) provides:

> The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

{¶ 53} A trial court does not abuse its discretion when it limits the presentation of evidence when there is no "demonstration of what evidence a party was prohibited from presenting because of the limitation and how the party was

---

[7] "[C]ounsel have filed multiple jurisdictional memoranda in other cases advancing a proposition of law similar to the one they filed on behalf of [Wife]. Then, as now, . . . counsel have failed to acknowledge the body of law directly adverse to the proposition of law furnished by them for this court's review . . . . Because . . . counsel have repeatedly engaged in frivolous conduct, we declare [counsel] to be vexatious litigators under S.Ct.Prac.R. 4.03(A) and impose filing restrictions on them." *H.R.*, 2023-Ohio-4185, ¶ 17, 19.

prejudiced." *M.F.S. v. B.T.S.*, 2024-Ohio-4680, ¶ 39 (8th Dist.), citing *Machen v. Miller*, 2024-Ohio-1270, ¶ 58 (8th Dist.). Here, Wife had six years to present her evidence. Further, she failed to present additional evidence in support of her objections to the magistrate's decision. Clearly, the trial court had to utilize its authority to bring closure and prevent further antics delaying the case.

{¶ 54} Based on all of the surrounding circumstances, the magistrate did not err when ruling on Wife's motions prior to the close of her case, and the trial court did not abuse its discretion in adopting that decision.

{¶ 55} Accordingly, the first assignment of error is overruled.

**Exclusion of Medical Records and Expert Testimony**

{¶ 56} In the third assignment of error, Wife argues it was an abuse of discretion for the trial court to fail to consider her medical and mental-health conditions, records, and information. Wife argues that it is mandatory for the court to consider these issues when determining spousal support. Additionally, Wife claims that the magistrate's order prevented her from testifying about her conditions.

{¶ 57} "'A trial court has broad discretion when imposing discovery sanctions,'" and a reviewing court reviews these decisions for an abuse of discretion. *Hanick v. Ferrara*, 2020-Ohio-5019, ¶ 30 (7th Dist.), quoting *Nakoff v. Fairview Gen. Hosp.*, 75 Ohio St.3d 254 (1996), syllabus. A court may sanction a failure to abide by a discovery order by "[p]rohibiting the disobedient party from supporting or opposing designated claims or defense, or from introducing designated matters

in evidence." Civ.R. 37(B)(1)(b). "The purpose of the rule is to prevent surprise and avoid obstructing a party from preparing for trial." *Hanick* at ¶ 29.

{¶ 58} In an attempt to establish error, Wife mischaracterizes the magistrate's order excluding medical records, arguing that it prevented Wife from testifying to her medical conditions. However, the magistrate's ruling was intended to prevent the introduction of medical records and/or expert testimony regarding Wife's claimed substantial change in circumstances after the divorce decree when she failed to present that evidence for the court's in camera review.

{¶ 59} Wife argues that this court has found that expert medical testimony is not necessary to "substantiate certain medical problems where the injured party testifies and is subject to thorough cross-examination." *Gullia v. Gullia*, 93 Ohio App. 3d 653, 662 (8th Dist. 1994). While we agree, we note that the magistrate recognized this, citing *Gullia*, in its December 2018 decision. However, the magistrate also recognized that when a patient files any civil action, a patient's medical professional may be compelled to testify. *See, e.g., Friedenberg v. Friedenberg*, 2020-Ohio-3345, ¶ 19 (noting that the physician-patient privilege is not absolute).

{¶ 60} As a result, the magistrate ordered Wife to provide a list of providers who treated her for any condition after the divorce decree and ordered that any documents requested be submitted to the trial court's law department for in camera inspection. When Wife only provided records prior to the divorce decree, the magistrate barred Wife from producing any records that had not been produced up

to the date of that order. Consequently, the order barred Wife from presenting any records from "May 27, 2014" to the date of the order, January 17, 2019. Clearly, the trial court only barred the admission of expert testimony and records for the limited period in question. Moreover, as mentioned previously, Wife had the option of requesting the admission of additional evidence after the magistrate ruled but elected not to do so. Accordingly, the trial court did not abuse its discretion in adopting the magistrate's ruling.

{¶ 61} The third assignment of error is overruled.

**Spousal Support Modification**

{¶ 62} Wife's second and fourth assignments of error challenge both the trial court's findings on the limits of its reserved jurisdiction and Wife's failure to establish a substantial change in circumstances not contemplated at the time of divorce. We will begin our analysis with the fourth assignment of error because it renders the second assignment of error moot.

{¶ 63} In the fourth assignment of error, Wife argues that a substantial change in circumstances was shown since she established a significant increase in Husband's income based on increases in his salary, company contributions to his retirement accounts, consultant and teaching income, and royalties from inventions he created since the divorce.

{¶ 64} As to her own changed circumstances, Wife references testimony she would have provided had the magistrate allowed her to present it, including that she recently lost her employment, she had over $11,000 in monthly expenses, she had

encountered unexpected difficulties in obtaining employment, and she had health issues that impeded her ability to obtain and maintain employment. Because Wife did not request the admission of additional evidence before the trial court, that evidence is not before us. Hence, we will focus on changes in Husband's income.

{¶ 65} We review a decision on a motion to modify spousal support for an abuse of discretion. *Barry v. White*, 2023-Ohio-1570, ¶ 19 (8th Dist.). The court must engage in a two-step analysis: (1) "the trial court must determine whether there has been a change in circumstances of either party," and (2) if there has been a change in circumstances, "the trial court must determine whether spousal support is still necessary, and if so in what amount." *Grosz v. Grosz*, 2005-Ohio-985, ¶ 10 (10th Dist.).

{¶ 66} With respect to the first step, when initially awarding spousal support, a court is guided to look at R.C. 3105.18(C)(1)(a)-(n) to determine whether an award should be made and, if so, the amount. *White* at ¶ 19. However, when determining whether a modification is appropriate, "'the trial court need not reexamine all the factors listed in R.C. 3105.18(C)(1). The court need only consider the factors, which have actually changed since the last order.'" *Id.*, quoting *Fine v. Fine*, 2012-Ohio-105, ¶ 6 (8th Dist.).

{¶ 67} R.C. 3105.18(C)(1)(a) addresses changes to "[t]he income of the parties, from all sources, including, but not limited to income derived from property divided, disbursed or distributed" under R.C. 3105.171. R.C. 3105.18(F) provides further guidance:

(1) For purposes of divisions (D) and (E) of this section and subject to division (F)(2) of this section, a change in the circumstances of a party includes, but is not limited to, any increase or involuntary decrease in the party's wages, salary, bonuses, living expenses, or medical expenses, or other changed circumstances so long as both of the following apply:

(a) The change in circumstances is substantial and makes the existing award no longer reasonable and appropriate.

(b) The change in circumstances was not taken into account by the parties or the court as a basis for the existing award when it was established or last modified, whether or not the change in circumstances was foreseeable.

(2) In determining whether to modify an existing order for spousal support, the court shall consider any purpose expressed in the initial order or award and enforce any voluntary agreement of the parties. Absent an agreement of the parties, the court shall not modify the continuing jurisdiction of the court as contained in the original decree.

{¶ 68} The parties' separation agreement does not include any terms defining the meaning of a change in circumstances, except termination of spousal support at the death of either party or if Wife remarries or cohabits with someone as defined under Ohio law.  Additionally, the spousal-support order was adjusted to reflect the fact that Wife was not ordered to pay child support to Husband who had primary custody of the couple's minor child at the time of the divorce.  The agreement did not include a provision to increase/decrease spousal support when that child reached the age of majority.  Pursuant to R.C. 3105.18(F)(1), Wife needed to show both an increase in Husband's income and that the change was so substantial that it made the existing award no longer reasonable and appropriate. Wife was further required to show that the change was not considered as a basis for

the existing award when it was established. *White*, 2023-Ohio-1570, at ¶ 27 (8th Dist.).

{¶ 69} The magistrate found, and the trial court agreed, that Husband's increased income was contemplated at the time of the divorce. Husband reported an income of $650,000 from his primary employer at the time of the divorce in 2014. In 2018, his base income had increased to approximately $700,000, and he received an additional $130,000 for consulting. As of 2022, Husband's base salary had increased to $750,000, he received money for teaching and consulting, and he developed two devices for which he received royalties. At the time of the divorce, Wife was unemployed, and she had a prior background in nursing and medical sales. Thus, our review of the record reveals that the initial spousal-support award considered Husband's substantial income relative to Wife's lack of income, and the parties agreed to an initial award of $10,000, which increased to $15,000 after a property distribution.

{¶ 70} While Husband's income certainly increased since the divorce, Wife failed to establish that the change was not contemplated at the time of the divorce. We acknowledge that part of Wife's argument is that changes in her health were not contemplated at the time of the divorce and the parties did not anticipate her lengthy period of unemployment. However, Wife elected to present evidence solely on Husband's changed income and did not present evidence of these changed circumstances at trial or avail herself of the opportunity to present additional evidence after the magistrate ruled. Accordingly, we find the trial court did not

abuse its discretion when it adopted the magistrate's order finding that any change in circumstances relative to Husband's income was contemplated at the time of the divorce. Based on the foregoing, we need not examine whether a change in spousal support was necessary.

{¶ 71} Further, because Wife failed to establish a change in circumstances not contemplated at the time of the divorce, we need not consider whether the trial court erred when it found that the reservation of jurisdiction only covered the amount but not the duration of spousal support.

{¶ 72} Accordingly, the fourth assignment of error is overruled, rendering the second assignment of error moot.

{¶ 73} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court, domestic relations division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, A.J., and
DEENA R. CALABRESE, J., CONCUR